Jacqueline J. DUNSFORD, Respondent,

v.

Richard J. DUNSFORD, Appellant.

No. 46205.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 1983.

Joseph M. Hadican, St. Louis, for appellant.

David L. Campbell, St. Louis, for respondent.

CRIST, Judge.

Marriage dissolution after 26 years and five children. Three children were emancipated. Custody of minor son, Patrick, born March 15, 1965, was awarded to husband, and custody of the other minor son, Daniel, born December 29, 1962, was awarded to wife. We affirm in part and reverse in part.

Husband asserts error in awarding wife two $10,000 certificates of deposit as her separate property; permitting wife to live in the family residence until Daniel was 21 years of age or emancipated, and awarding wife $250.00 per month maintenance and $150.00 per month child support.

▮ With reference to all of husband's points relied on, except the award of the two certificates of deposit to wife as her separate property, we find the judgment supported by substantial evidence; not against the weight of the evidence; and contained no error of law. An extended opinion on those points relied on would have no precedential value; therefore, we affirm pursuant to Rule 84.16(b). We find there was insufficient evidence to support the trial court's finding the certificates of deposit were wife's separate property.

Wife's evidence showed wife's mother fell ill and came to live with the parties. Proceeds from the sale of wife's mother's house were used to purchase the original certificates and wife added husband's name. Wife's mother wanted wife, not husband, to have the money. That was the extent of wife's explanation. Husband testified wife told him she wanted to transfer the money to Community Federal in order to earn more interest. He understood she

was going to transfer the account to another joint account. He signed the withdrawal cards for her to open another joint account and not to place the money in her name only. He admitted this was wife's money from her mother.

■ The money represented by the two certificates came from wife's mother and could be construed as a gift to wife. § 452.330.2 RSMo 1978. But wife transferred the money to a joint account with husband. Wife had the burden of showing this transfer was not intended as a gift to husband. *Conrad v. Bowers*, 533 S.W.2d 614, 622 (Mo.App.1975) and *Tisius v. Tisius*, 643 S.W.2d 842, 843 (Mo.App.1982). The subsequent transfer of the certificates to accounts in wife's name only was done by wife without the knowledge and consent of husband. She did not show by clear and convincing evidence the placing of the certificates in joint names was not a settlement of gift to husband. *Smith v. Smith*, 561 S.W.2d 714, 717 (Mo.App.1978).

That part of the judgment awarding the two certificates of deposit to wife as her separate property is reversed, and the cause is remanded to the trial court for distribution of the two certificates as marital property to either party or for division of same between the parties as the trial court may determine. The judgment is in all other respects affirmed.

CRANDALL, P.J., and REINHARD, J., concur.