**Warren Douglas BOYCE, Appellant,**

v.

**Jill C.F. BOYCE, Respondent.**

**No. WD 36090.**

Missouri Court of Appeals,
Western District.

July 9, 1985.

Robert K. Ball, II, Theodore D. Barnes (argued), Kansas City, for appellant.

A.V. McCalley (argued), Kansas City, for respondent.

BEFORE NUGENT, P.J., and PRITCH-ARD and CLARK, JJ.

NUGENT, Presiding Judge.

Warren Boyce filed for dissolution of his 1974 marriage to Jill Boyce. The court dissolved the marriage and decreed that two pieces of realty and an automobile were marital property, awarding the realty to Mr. Boyce and the vehicle to Ms. Boyce. Mr. Boyce complains of the court's finding that those properties were marital property and of the court's division of the property. We affirm.

The court's decree set aside to the parties their separate property and divided the marital property. According to Ms. Boyce, her husband received $60,500 in separate property, including an eight-unit apartment building, and $54,000 in marital property. She also says that she received, $3,000 worth of separate property and $47,000 of marital property. The marital property awarded to her included twelve thousand dollars the court ordered Mr. Boyce to pay her to equalize the property division.

This controversy arises from the court's finding that three pieces of property were marital property: Kansas City realty located at 2753 Charlotte and at 2757 Charlotte, and a 1974 Ford Mustang automobile. The decree gave Mr. Boyce the realty and Ms. Boyce the vehicle.

The two pieces of realty were purchased after the marriage and the titles were in Mr. Boyce's name throughout the marriage.

Mr. Boyce testified that in 1976 he bought the property at 2753 Charlotte with, he "believes", money he borrowed on his veteran's life insurance policy, which he had fully paid up before his marriage. He paid $2,269 for that parcel. The court awarded the policy to him as his separate property. The down payment made in 1975 on the $4,000 purchase price for the property at 2757 Charlotte came from a checking account that the parties called the "Boyce Building Fund." The fund was the checking account for the "Boyce Building Company." The account and the company apparently were established before the marriage. Mr. Boyce now places a value of $18,000 on the 2753 Charlotte property and a value of $15,000 on the property at 2757 Charlotte.

Mr. Boyce testified that the account was his separate property, but Ms. Boyce claimed that it was a joint account and that she had contributed some of her wages to the fund. She also testified that she and her husband were the "Boyce Building Company." The only name on the account was the name "Boyce Building Company." The evidence showed that on at least one occasion she withdrew money from that account, but the bank reimbursed Mr. Boyce for that withdrawal. The husband testified that the only money in the account was from rental payments from his eight-unit apartment building. He also testified, however, that the business had never made any money and that he had to "loan" it money on a number of occasions. He fur-

ther testified that he made only a down payment from the fund on the 2757 Charlotte property and that he had to make payments on the property. Mr. Boyce did not put into evidence the records for the business and the account. The money in the "Boyce Building Fund" was also used to repair and rehabilitate the properties on Charlotte. Ms. Boyce testified that she helped her husband repair the Charlotte properties.

Mr. Boyce owned the Mustang before the marriage and it was titled in his name throughout the marriage. He testified that he bought it in 1974 for $1,500, that his wife used it every day and that the car was not worth much now although it was worth around $1,500 when his wife started driving it. Ms. Boyce said that she thought that the car should be awarded to her, although she did not believe that the car was hers.

Mr. Boyce complains of that decision and of the court's entire division of the marital property. He raises three points on appeal: First, the court's finding that the Mustang was marital property was against the weight of the evidence. He argues that the uncontradicted evidence was that he bought the car before his marriage and the title was always in his name throughout. Second, the court misapplied the law in holding that the two pieces of realty were marital property and that the decision was against the weight of the evidence because the properties were bought with his separate funds and titles were in his name only throughout the marriage. Finally, the court's entire division of the marital property was erroneous because it incorrectly found that the realty and the car were marital property and, therefore, it could not correctly consider the factors of § 452.-330.1 [1] in dividing the property.

The scope of our review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976) (en banc). The decree of the trial court will be sustained unless no substantial evidence supports it, it is against the weight of the evidence or it erroneously declares or misapplies the law. An appellate court should set aside a decree on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree is wrong. *Id.* at 32.

■ Petitioner first complains that the court's finding that the vehicle is marital property is against the weight of the evidence and its finding was an abuse of discretion. Mr. Boyce correctly points out that Ms. Boyce does not contest that he purchased the car before their marriage and that the title was maintained in his name alone. He is also accurate in his statement that generally property acquired before the marriage and titled in the purchaser's name alone is separate property. § 452.330(2); *Weast v. Weast*, 655 S.W.2d 752, 755 (Mo.App.1983). That general rule applies unless, as in this case, the record shows a spouse's intent to change the status of separate property to marital property. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 822 (Mo.1984) (en banc). A marriage partner may contribute separate property to the marital pool by an expressed or implied agreement or gift. *Daniels v. Daniels*, 557 S.W.2d 702, 704 (Mo.App. 1977).

■ Mr. Boyce's intent to contribute the car to the marital pool can be inferred from his testimony that his wife used it every day, apparently from the beginning of their marriage, because Mr. Boyce testified that when she began to drive it the car was worth $1,500 and now it was not worth very much. Therefore, the court could conclude that in allowing his wife to use the car as her own every day since their marriage he intended that the car should be part of the marital pool of property. Based on the above evidence and the inferences to be drawn from it, we are not firmly convinced that the court's finding was against the weight of the evidence. *Murphy v. Carron, supra*, 536 S.W.2d at 32.

Mr. Boyce next argues that the court misapplied the law in holding that the property at 2753 Charlotte is marital property

---

**1.** All sectional references are to Revised Statutes   of Missouri, 1978.

and that the finding is against the weight of the evidence.

■ The property was purchased after the marriage and the title was in Mr. Boyce's name alone. Property acquired subsequent to the marriage is presumed to be marital property even though title was taken individually. § 452.330.3; *Armstrong v. Armstrong*, 654 S.W.2d 302 (Mo. App.1983). The one claiming that the property is separate property has the burden to rebut the presumption by clear and convincing evidence. *McDowell v. McDowell*, 670 S.W.2d 518, 523 (Mo.App.1984). He rebuts that presumption by showing by clear and convincing evidence that his acquisition of the property falls within one of the exceptions of § 452.330.2. *Id.*

■ Mr. Boyce relies upon § 452.330.2(2) and appears to argue that he cashed in his veteran's life insurance policy, separate property, and used that money to buy the realty. He testified at trial, however, that he *believed* that he had borrowed on the policy to raise the $2,269 purchase price. The court was free to disbelieve Mr. Boyce's testimony that he *believed* that he had borrowed on his life insurance policy to pay the $2,269 purchase price for 2753 Charlotte. He offered no documentary evidence of such a loan in support of his burden of proof that the source of that money was from his separate property. Moreover, absent something to the contrary, even if the trial court believed that he had used money borrowed on his insurance, the court could reasonably have inferred from other of Mr. Boyce's testimony that marital funds, his salary or Ms. Boyce's wages, were used to pay off that loan. Additionally, we note that the court set aside to him the insurance policy as his separate property. Apparently, he still owned the policy at trial time and, thus, no exchange could have been made within the meaning of § 452.330.2(2).

■ Mr. Boyce also relies upon § 452.-330.2(2) in arguing that the court erred in finding that the 2757 Charlotte property was marital property. That property was also bought after the marriage and was titled in petitioner's name alone. He argues that he purchased it with money from the Boyce Building Fund and the only funds used were the rental payments from the apartment building, his separate property. At trial, however, he testified that he only took the down payment from the fund and then made payments on the purchase. The property was bought after the marriage and on the record before us the payments could have come from his salary or Ms. Boyce's. Also, Ms. Boyce claimed that she periodically contributed some of her own salary to the fund. Mr. Boyce testified that the business never made money and that he had to make "loans" to the company. The court could have reasonably inferred from his testimony that he "lent" the fund some of his salary since the only other source of funds for the account was rent from his apartment building. Apparently, the rental payments were not enough to cover the expenses of the business. Money from the account was also used to repair the property. Mr. Boyce failed to put into evidence the records of the Boyce Building Company. He did not clearly and convincingly show that only rental receipts from his apartment building were used to purchase and improve the building. Therefore, he failed to rebut the presumption of § 452.330.3 by clear and convincing evidence. *McDowell v. McDowell, supra,* 670 S.W.2d at 523.

Mr. Boyce's final point rests upon his contention that the court erred in finding that the three pieces of property are marital property. We have concluded that the court's findings concerning those properties were correct and, therefore, the court properly considered the factors set forth in § 452.330.1.

For the foregoing reasons, the decree of the trial court is affirmed.

All concur.