James F. SWANIGAN,
Plaintiff-Respondent,

v.

Frances L. CROCKETT,
Defendant-Appellant.

No. 50068.

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 1986.

court further found defendant had breached her duty to plaintiff by depriving him of one-half of the proceeds of two certificates of deposit which he owned for a total of $5,818.34. The finding regarding the $4,000.00 sum was based upon plaintiff's testimony that he directed defendant to make checks payable to his four stepdaughters as gifts; $4,500.00 to one who had previously been given $500.00, and $5,000.00 to each of the others. Contrary to his directions, defendant filled out checks pre-signed in blank by plaintiff, one for $4,500.00, two for $6,000.00 each and the fourth, to defendant herself, for $7,000.00. As to the certificates of deposit, plaintiff testified that defendant appropriated the proceeds thereof, paid him one-half, and divided the other half among her sisters and herself, claiming that was her deceased mother's intention.

On appeal, defendant asserts four points.

### I

The Trial Court's Adoption of Plaintiff, Swanigan's Findings of Fact and Conclusions of Law Were Against the Weight of the Evidence.

### II

The Trial Court Erred in Its Total Acceptance of Plaintiff, Swanigan's Credibility and the Total Rejection of Defendants', Crockett and Lillian Berry's Credibility.

### III

Plaintiff, Swanigan, Failed in his Burden to Prove Clearly, Cogently and Convincingly That Defendant, Crockett, violated his Confidence and Faith in Her.

---

James A. Greenblatt, Brentwood, for defendant-appellant.

Jay E. Sushelsky, St. Louis, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from an adverse judgment after a jury-waived trial.[1] In its Finding of Facts and Conclusions of Law the trial court found that plaintiff is a 67 year old widower who paid defendant, his step-daughter, $100.00 per month to handle his financial affairs thereby creating a fiduciary relationship which defendant breached by paying herself and her sisters cash gifts amounting to $4,000.00 more than plaintiff had authorized her to pay. The

---

1. Defendant's counterclaim, alleging plaintiff was indebted to defendant for unpaid rent and for damages to rented premises remains pending for trial by jury. We have jurisdiction over the appeal from the court-tried plaintiff's claim under Rule 81.06 because the respective claims of the parties are entirely separate and indepen-

## IV

Plaintiff, Swanigan, Failed to Establish a Confidential Relationship Between Himself and Defendant, Crockett.[2]

Defendant's points amount to nothing more than a request that we substitute our judgment for that of the trial court in order to reach a different result. This is not our prerogative. *In Re Marriage of Bruske*, 656 S.W.2d 288, 294 (Mo.App.1983). We have reviewed the record and find the testimony of plaintiff amply supports the trial court's findings. The fact that defendant disputed portions of plaintiff's testimony does not authorize us to disregard the trial court's evaluation of the credibility of the witnesses and the weight to be given to their testimony. *In Re Adoption of W.B.L.*, 681 S.W.2d 452, 455 (Mo.banc 1984). These limitations upon the scope of appellate review of a court-tried case are so firmly established, so consistently applied, so well known that any litigant who appeals asserting nothing more than his disagreement with the trial court's evaluation of credibility and the weight of the evidence would be better served to tilt at the nearest windmill.

The egregious nature of this appeal is illustrated by defendant's fourth point: that plaintiff failed to establish a confidential relationship between himself and defendant. In the proposed findings of fact and conclusions of law filed by the defendant with the trial court, she conceded that the evidence warranted a conclusion that "[a] confidential relationship was established between plaintiff and defendant herein in that trust was placed with respect to plaintiff's income and expenses...." Such an assertion on appeal of a position diametrically opposite to that taken in the trial court is more than merely suggestive of purposeful delay and harassment.

The purposes underlying Rule 84.-19 and § 512.160.4, RSMo. 1978, both authorizing the assessment of damages for frivolous appeal, is to prevent appellate dockets, already overcrowded, from being cluttered with meritless appeals that necessarily delay those that have merit, and to compensate the respondent for the cost of responding to a futile appeal. *Andrews v. Andrews*, 673 S.W.2d 495, 500 (Mo.App. 1984); *Jensen v. Jensen*, 670 S.W.2d 16, 18 (Mo.App.1984). A frivolous appeal is "one which presents no justiciable question and is so readily recognized as devoid of merit on the face of the record that there is little prospect that the appeal can ever succeed." *Andrews*, 673 S.W.2d at 500. An appeal asserting only that the trial court should have believed one party rather than the other and arguing a point directly contradicted by admissions made in the trial court assuredly falls within this definition. Accordingly, plaintiff's motion for the assessment of damages for frivolous appeal is sustained.

The judgment of the trial court heretofore entered awarding plaintiff the sum of $4,000.00 with interest from March 26, 1983 and $5,818.34 with interest from February 14, 1984 is affirmed. The cause is remanded with directions to enter judgment in favor of plaintiff and against defendant for an additional 10% of the amount of the judgment, or $981.83, as damages for frivolous appeal.

SMITH and SNYDER, JJ., concur.

---

dent and the trial court did not order its judgment to be interlocutory and held in abeyance.

**2.** In his brief plaintiff asks that we dismiss defendant's appeal because these points relied on are mere abstract statements of law stating neither wherein nor why the action of the trial court was erroneous. That the points constitute a glaring violation of Rule 84.04(d) is obvious. Nevertheless, we decline plaintiff's suggestion that the appeal be dismissed.