Carolyn Elizabeth SMITH, now known as Carolyn Elizabeth Gooding, Petitioner-Respondent,

v.

Gregory John SMITH, Respondent-Appellant.

Nos. 14047, 14123.

Missouri Court of Appeals, Southern District, Division One.

Dec. 3, 1986.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 29, 1987.

Application to Transfer Denied March 17, 1987.

Ronald M. Sokol, P.C., St. Joseph, for petitioner-respondent.

Royal M. Miller, Springfield, for respondent-appellant.

ROBERT E. CRIST, Special Judge.

Father appeals from the trial court's rulings on his motion to modify a November 1, 1980 decree of dissolution and the subsequent August 3, 1982 modification to that decree. Father appeals (1) the denial of his motion seeking a transfer of custody of the parties' two minor sons to himself, (2) the award to wife of $27,335 for attorney fees, and (3) the December 3, 1984 ex parte pendente lite award to wife of $750 for attorney fees on appeal. We affirm the September 14, 1984 judgment, filed on September 21, 1984, retaining the custody provisions of the 1982 modification of the decree of dissolution, denying mother's motion for an increase in child support, and awarding mother attorney fees for this modification. We reverse the ex parte order of attorney fees pending appeal.

The long, bitter and contested fight for custody of the parties' children began with the filing of a dissolution proceeding in 1980. The dissolution decree was entered in November 1980. The decree awarded mother custody of the parties' three children, two natural sons of the parties and a daughter of mother's prior marriage adopted by father during the parties' marriage. The dissolution decree also awarded mother $200 per month per child in child support. Father was awarded visitation, in the dissolution decree, of every other weekend, one night a week, four weeks during the year and alternate holidays. The post-dissolution custody dispute involves only the two boys.

In May of 1981, mother suffered a heart attack, and the boys moved to their father's house. On June 11, 1981, father filed a motion to modify the dissolution decree seeking custody of the boys. After mother's recovery, father refused to relinquish custody to mother; and, on June 23, 1981, mother filed a motion for citation of contempt and for a writ of habeas corpus. Father responded with a motion for citation of contempt on June 25, 1981. Father's June 11, 1981, mother's June 23, 1981, and father's June 25, 1981 motions were heard on July 16, 1981; father was ordered to return the boys to their mother.

In September 1981, mother and children moved from Springfield to Overland Park, Kansas. The move made visitation difficult, and on September 25, 1981, father again filed a motion to modify. On August 3, 1982, a stipulation for settlement was filed and a judgment entered thereon. Under that stipulation father had visitation for one weekend a month, and for eight consecutive weeks in the summer. Support payments during the summer visitation

were also modified. On October 7, 1982, mother filed a motion for enforcement of the judgment to compel father to sell the family home as per the dissolution decree. The motion to enforce was dismissed on February 25, 1985, when the parties reached an agreement whereby father purchased mother's interest in the marital home.

Matters between the parties became worse when wife remarried and moved from Kansas City to Maryville, Missouri in June 1983. During holiday visitation, December 31, 1984, father placed an abuse hot line report alleging abuse by mother. On January 17, 1984, father filed this motion to modify custody along with a motion for immediate transfer of custody of the parties' two sons to father to prevent further mental and physical abuse to them by mother and stepfather. On January 20, 1984, partly on the basis of an averment that Division of Family Services confirmed abuse, father procured an ex parte order for transfer of custody of the two boys, and on January 21, 1984, father procured a warrant for the arrest of mother to force delivery of the children. Mother fled with the two boys. On February 21, 1984, the ex parte order for transfer of custody was vacated and the warrant was quashed. After much legal maneuvering, the trial on father's motion and mother's cross-motion began, in Springfield, Missouri, on September 5, 1984, continued on September 6 and 7, and finally concluded on September 14, 1984.

■ Father, a lawyer, complains about the nonappointment of a guardian ad litem for the children. Father did not ask for such an appointment in the trial court. At the time of trial the appointment of a guardian ad litem was discretionary. § 452.490.4, RSMo (Cum.Supp.1984). We find no abuse of that discretion. Father relies on *C.J.(S.)R. v. G.D.S.*, 701 S.W.2d 165 (Mo.App.1985), the facts of which supported a finding of mistreatment, abuse, and a lack of parenting skills, such that demanded the appointment of a guardian ad litem. The

court in *C.J.(S.)R.*, however, left intact the discretion contained in § 452.490.4, RSMo (Cum.Supp.1984). 701 S.W.2d at 169[5]. Based on the hot line investigator's conclusion that father's report of abuse was unsubstantiated, and the testimony of school officials and teachers that the boys' school behavior was normal, there was sufficient independent evidence of the children's condition to support a ruling made without appointing a guardian ad litem.

■ Father, in his second point relied on, asserts the trial court had no choice but to find he was entitled to custody of the boys. Suffice it to say there was ample evidence to support the trial court's judgment that father's "evidentiary matters have failed to materialize to a sufficient degree to show a preponderance of the evidence that there has been a change and that it would be in the best interests of the children to change the prior orders of this court." *See Swanigan v. Crockett*, 713 S.W.2d 41, 43 (Mo. App.1986). An independent observation by the department of family services found mother and stepfather did not abuse the children; school officials indicated the boys manifested no unusual problems in the Maryville schools; the boys' older half sister lived with mother; any behavior problems manifested themselves more when the boys were with father; and mother had brought children in for psychological evaluation and counseling vitiating father's original reason for asking for the transfer of custody. The trial court chose to believe mother's evidence; we cannot second guess the trial court as to the credibility of witnesses. *Downey v. Downey*, 696 S.W.2d 336, 337[4] (Mo.App.1985); and ___*M. v.* ___*M.*, 688 S.W.2d 384, 386[5] (Mo.App.1985).

■ Father also complains about the award of attorney fees to mother, asserting the award in the sum of $27,335 is excessive and unreasonable. An attorney fee award of $27,335 in a proceeding to modify custody is almost excessive per se; however, the record shows father brought

on much of the fees. Mother lived in Maryville, north of Kansas City, her primary attorney was located in St. Joseph, and it was necessary for her to have a second attorney in Springfield where father practiced law and where venue lay. There were fourteen entries on the docket sheet for January, 1984; five in February; nine in March; three in April; four in May; six in June; nine in July; two in August; and seven in September; additionally, mother had to deal with an ex parte transfer of custody, and a warrant for her arrest. That motion for the ex parte transfer of custody averred that mother failed to provide needed psychological treatment, yet mother had informed father she would be taking the children to the doctor as he had requested. In defending against father's motion, experts were summoned, deposed and used, and interrogatories were filed, answered, and objected to. The trial of the motion and cross-motion to modify took four days of trial in two different weeks. From the record in this case, we are unable to say the trial court abused its wide discretion in the attorney fee award. *Ozark Production Credit Ass'n v. Walden*, 695 S.W.2d 919, 921[1] (Mo.App.1985); *Trapani v. Trapani*, 686 S.W.2d 877, 878[2], [4] (Mo.App.1985); and *R___ v. R___*, 685 S.W.2d 598, 603[10] (Mo.App.1985). The bar, however, should not take comfort in this affirmance. We are disappointed by the award, but cannot say it is excessive. How much more would the children have profited had the parties chosen to spend attorney fee money on the well being of the children.

Father also appeals the ex parte order of December 3, 1984, awarding mother $750 as initial attorney fees pending the appeal. Father was not given notice of the hearing of the motion for attorney fees pending appeal. The award must be reversed. Rule 44.01(d).

The September 14, 1984 judgment, filed September 21, 1984, is affirmed. The December 3, 1984 ex parte order of attorney fees on appeal is reversed.

GREENE, P.J., and CRANDALL, KENNEDY, and MARSH, Special Judges, concur.