In re the **MARRIAGE OF Lisa A. SMITH and David O. Smith II,**

**Lisa A. Smith, Petitioner/Respondent,**

and

**David O. Smith II, Respondent/Appellant.**

No. 56505.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1990.

Application to Transfer Denied April 17, 1990.

Richard D. Sabbert, St. Peters, for respondent/appellant.

Norman C. Steimel, III, Clayton, for petitioner/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, David O. Smith II, appeals from the trial court's division of property in the parties' dissolution proceeding. Appellant alleges that the trial court erred in not finding certain property to be his separate property and that the court's valuation of a townhouse was against the weight of the evidence. We affirm the court's division of property.

Appellant and respondent, Lisa A. Smith, were married in Illinois on February 28, 1981, and established their marital residence at 21 Hickory Hill Drive, O'Fallon, Missouri. Both parties work for McDonnell Douglas; appellant as a pilot and respondent in the engineering planning department. There were no children born of the marriage. The parties separated on or about March 10, 1988, and respondent filed a petition for dissolution of marriage on March 15, 1988. The cause was heard by the trial judge on November 30, 1988, who dissolved the marriage by decree on February 8, 1989. In the decree, the court found all of the property involved to be marital property and distributed it equally between appellant and respondent. Appellant's claims of error relate to the court's classifying as marital property the entire value of the marital home, $5,300.00 worth of a Newhard Cook account, the parties' savings bonds, and a riding mower and wagon.

Appellant bought the home in O'Fallon in November of 1980, using $36,000.00 of his own money as a down payment. The title was originally placed in his name only but in June of 1981, subsequent to the parties' marriage, the home was titled in both parties' names. The parties used marital funds to pay the house payments and the house was completely paid for at the time respondent filed her dissolution petition. The court determined the value of the home to be $112,500.00.

It was also established at trial that appellant had $5,300.00 in a Newhard Cook Corporation investment account prior to the parties' marriage. At the inception of the marriage, appellant closed this account and opened a new account under both parties' names. The initial funds for this new account consisted of the $5,300.00 from appellant's prior account and other marital funds. The parties continued to invest marital funds into this account which was determined to have a value of $67,924.00 by the trial court.

It was not disputed that the parties each possessed savings bonds in their individual names which were acquired through their employment. Appellant's bonds amounts to $600.00 and respondent's to $550.00 as indicated in the decree. Appellant also had purchased a Case riding mower and wagon from the prior owner of the O'Fallon home.

In evaluating appellant's claims regarding the above property, we note that the court's judgment in a bench tried case will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellant's first point on appeal is that the court improperly classified the marital home as marital property without setting aside his $36,000.00 down payment as separate property. Appellant asserts that his $36,000.00 contribution to the purchase of the marital home does not automatically become marital property because of its being commingled with marital property (mortgage payments made with marital funds) but that, pursuant to RSMo § 452.330.4 (1988 Supp.), respondent had the burden at trial to show that appellant intended for this sum to become marital property. Missouri Revised Statute § 452.330.4 provides:

4. Property which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property.

■ Prior to the enactment of this statute, this court held that the commingling of separate property with marital property transmuted the separate property into marital property. *Cartwright v. Cartwright*, 707 S.W.2d 469, 472 (Mo.App., E.D.1986). Newly enacted RSMo § 452.330.4 clearly indicates that such commingling, without more, will not transmute separate property into marital property. We find that this provision is specifically intended to address situations where the separate property of one party is transmuted into marital property simply by virtue of its being "commingled" or mixed with what is considered to be marital property. The best example of such a case was *Cartwright* in which we found that the interest earned on wife's separate certificate of deposit became marital property because it constituted income from separate property acquired subsequent to the marriage. When this interest was reinvested into the still separate C.D., we held that the entire C.D. then became marital property by virtue of this commingling. *Cartwright*, 707 S.W.2d at 473. *See also Jaeger v. Jaeger*, 547 S.W.2d 207, 211 (Mo.App., E.D.1977) and *Trapani v. Trapani*, 684 S.W.2d 500, 503 (Mo.App., E.D. 1984). Under RSMo § 452.330.4, such commingling, without more, would not transmute the C.D. into marital property.

We agree with appellant's assertion that this provision applies to the payment of a mortgage or indebtedness with commingled funds. Thus, the mere commingling of separate and marital funds to pay the mortgage would not have transmuted the entire value of the home into marital property. However, in the case at bar we are presented with more than a mere commingling.

Appellant, only four months after marrying respondent, had the deed to the home placed in both his and respondent's names. The execution of this deed represents evidence of appellant's donative intent to create marital property. *Kramer v. Kramer*, 709 S.W.2d 157, 159 (Mo.App., E.D.1986). Indeed, the addition of a spouse's name to a document of title of a residence creates a tenancy by the entirety and the property is presumed to be marital. *Allen v. Allen*, 770 S.W.2d 529, 530 (Mo.App., E.D.1989). We do not believe RSMo § 452.330.4 reverses this marital presumption.

Moreover, the appellant's creation of a tenancy by the entirety constitutes more than a mere commingling and, therefore, the trial court's refusal to set aside appellant's $36,000.00 down payment as his separate property was not an erroneous application of RSMo § 452.330.4.

■ Likewise, this new provision applies to appellant's claim that his $5,300.00 Newhard Cook funds should be considered as his separate property. Appellant's testimony and a court exhibit established that approximately $5,300.00 was contained in appellant's Newhard Cook account prior to the marriage and that this $5,300.00 was "rolled over" into a jointly titled Newhard Cook account. Appellant claims that this commingling of his separate, traceable funds with marital funds into the joint account does not transmute the $5,300.00 into marital property.

Had such a commingling, absent its inclusion into a joint account, been all that had occurred, RSMo § 452.330.4 may have required that the $5,300.00 be set aside as appellant's separate property. However, appellant closed out his separate account subsequent to the marriage and placed the

$5,300.00 into a new joint account. This court has held that the transfer of separate funds into a jointly titled account creates a presumption that the transfer was intended as a gift to the other spouse; the transferred funds being presumptively marital. *Dunsford v. Dunsford,* 671 S.W.2d 282, 283 (Mo.App., E.D.1983); *Conrad v. Bowers,* 533 S.W.2d 614, 624 (Mo.App., E.D. 1975). We do not believe that RSMo § 452.330.4 reverses this presumption. Additionally, the act of placing this money into an account which is titled, or owned, jointly by both parties constitutes more than "solely" commingling separate property with marital property. Point denied.

 Appellant next claims that the court erred in declaring three savings bonds value at $300.00, which were in his name only, to be marital property. In fact, appellant possessed $600.00 worth of savings bonds in his name while respondent possessed $550.00 worth in her name only. While the court characterized them all as marital, it awarded each party their own bonds. The court's awarding each party their separately titled savings bonds was not error simply because the court may have mischaracterized them as marital property. *Levesque· v. Levesque,* 773 S.W.2d 220, 223 (Mo.App., E.D.1989).

Appellant's claim regarding the riding mower and wagon falls into a similar category. It was not disputed by the parties at trial that the mower and wagon were appellant's separate property. The court classified these items as marital yet awarded them to appellant. Given the relative insignificance of property valued at approximately $800.00 compared to a marital estate valued by the court to be nearly $375,000.00, we do not see how appellant has been prejudiced by this mischaracterization although the court's action may have been in error.

Lastly, appellant claims that the court's valuation of a townhouse was erroneous. Appellant and his expert testified that the value of the townhouse was between $160,000.00 and $170,000.00 while respondent claimed it to be worth $195,-000.00. The court valued it as $179,500.00.

We need only state that the trial court is entitled to believe or disbelieve the testimony of either party and can disbelieve expert testimony. *In re the Marriage of Ebinger,* 573 S.W.2d 738, 741 (Mo.App., St.L.D.1978); *Hopkins v. Hopkins,* 639 S.W.2d 249, 250 (Mo.App., W.D.1982). Point denied.

Since we do not find error in the trial court's division of property, we affirm the decree of dissolution.

REINHARD and CRIST, JJ., concur.