Matilda Josephine DOLL,
Plaintiff/Respondent,

v.

Francis DOLL, Jr.,
Defendant/Appellant.

Nos. 58616, 58883.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Sept. 10, 1991.

David O. Danis, Richard Alan Cooper, St. Louis, for defendant/appellant.

Eric C. Harris, Flat River, for plaintiff/respondent.

GRIMM, Judge.

In this dissolution action, husband Francis Doll, Jr., raises two points on appeal. First, he alleges the trial court erred in holding that separate funds placed in a jointly titled trust account became marital property. He contends commingling alone does not transmute separate property into marital property.

The trial court did not err because more than commingling occurred. Husband deposited *non-marital* funds into a jointly titled account and ultimately into a joint trust account which contained marital property. These acts constituted more than commingling. Further, the trial court could find husband's acts displayed sufficient donative intent that the funds were a gift to wife.

For his second point, husband alleges the trial court erred in awarding wife's counsel $3,500 in attorney's fees on appeal. He contends, among other things, that the award was excessive and unjustified. Because the award was made without notice, a hearing, and presentation of evidence, the trial court's order is reversed and remanded for further proceedings. We affirm in part and remand in part.

I. Background

Husband and wife were married June 15, 1961. Prior to the marriage, husband and his mother as joint tenants owned commercial property in St. Louis. Husband's

mother died in September of 1964. In August of 1983, he sold ·the property for approximately $1.1 million. He received $400,000 at closing and a note secured the deed of trust for the balance. Husband used $360,693 of the $400,000 to pay off the existing deed of trust. The record does not disclose the disposition of the balance of the funds.

In November, 1986, the Dolls opened their first account (# 1) with Smith Barney. One hundred thousand dollars was placed in this joint account; the source of these funds is not disclosed in the record. A month later, the funds were transferred but the account was kept open. The disposition of these funds is not disclosed.

On March 12, 1987, husband received the final payment on the sale of the commercial property. The next day, $154,130.64 was deposited in account # 1. Husband opened another account (# 2) with Smith Barney in his name alone; $475,000 of the final payment was placed in this account.

On November 12, 1987, a new joint account (# 3) was opened with Smith Barney. All assets in husband's sole account (# 2) were transferred to this account. Thus, at this time, only joint accounts # 1 and # 3 were active.

On December 16, 1987, the Dolls created a revocable trust, the "Francis and Josephine Doll Trust dated December 16, 1987." The Dolls were the grantors and trustees of this trust, as well as the primary beneficiaries. Further, in order to either revoke the trust or withdraw any assets from the trust, both parties' signatures were required.

The Doll's transferred into the trust two tracts of land totaling 1242 acres which they owned as tenants by the entirety. In addition, the Smith Barney joint accounts # 1 and # 3 (less $20,000) were transferred into the trust.

## II. Trust Assets

In his first point, husband alleges the trial court erred in holding the Smith Barney account "was marital property as this account represented separate, non-marital property of [husband] which had become commingled with martial property." He argues he agreed to the creation of the trust solely "because of his desire to avoid estate taxes and probate of his assets upon his death."

In *Cartwright v. Cartwright,* 707 S.W.2d 469 (Mo.App.E.D.1986), the wife inherited money which she used to purchase a certificate of deposit in her own name. When the certificate matured, the wife reinvested both the principal and interest in another certificate. Our court held "that income [interest] from separate property acquired subsequent to the marriage is presumed to be marital property." *Id.* at 472. Reinvesting the interest (marital property) with the principal (separate property) commingled the property, and transmuted the separate property into marital property. *Id.*

In 1988, the General Assembly amended § 452.330, RSMo 1986 by adding a new paragraph 4 as follows:

Property which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property. § 452.330.4, RSMo Cumm.Supp.1990.

The effect of this amendment was noted in *Smith v. Smith,* 785 S.W.2d 764 (Mo. App.E.D.1990). There, husband purchased a house before marriage, using $36,000 of his own money as a down payment. Although the house was originally titled in his name alone, following the marriage, title was placed in both parties' names. Husband contended his $36,000 should be set aside as his separate property, relying on the 1988 amendment.

In denying his contention, this court recognized that the 1988 amendment, without more, would preclude the transmuting of the certificate in *Cartwright* into marital property. *Id.* at 766. However, in *Smith,* the addition of the spouse's name to the title caused the property to be presumed to be marital. *Id.* Further, we held the 1988 amendment did not reverse this marital presumption. *Id.*

Here, husband placed the funds from his nonmarital property into a separate account. Then, he placed those funds into a joint account with his wife. Thereafter, he

and his wife placed the joint account funds into a trust with other clearly marital property. All of the property in the trust was titled in the name of "The Francis and Josephine Doll Trust dated December 16, 1987." Together, these actions clearly constitute more than the mere commingling contemplated by the 1988 amendment. Further, husband did not show the transfer of the funds into joint names and into a joint trust was not a settlement of gift to wife.

■ One final observation. A distinction exists between commingling and joint title. Under the 1988 amendment, separate property titled in one spouse's name alone remains separate property even when the increase (interest, dividends, etc.) on that property is added to the original separate property. The increase is not "commingling." To that extent, the 1988 amendment effectively overruled our holding in *Cartwright*.

■ However, the 1988 amendment does not alter the effect of joint title of property. Property acquired after marriage which is placed in joint names is presumed to be marital property, even if one spouse furnished all of the consideration. *Kramer v. Kramer*, 709 S.W.2d 157, 158 (Mo. App.E.D.1986); *Dunsford v. Dunsford*, 671 S.W.2d 282, 283 (Mo.App.E.D.1983). Husband's first point is denied.

### III. Attorneys Fees

■ In his second point, husband alleges the trial court erred in awarding wife's attorney "$3,500 as and for attorney's fees on appeal." Among other things, he contends the award is unjustified and excessive.

On July 12, 1990, wife's attorney filed a motion for attorney's fees and costs on appeal. The motion was not verified, nor were any affidavits attached to it. It sought an award of $3,500.00.

Five days later, on July 17, 1990, the court entered the following order:

> [Wife's] Motion for Attorney's Fees and Costs on Appeal is granted. [Husband], Francis Doll, Jr., is ordered to pay to [wife's attorney] the sum of $3,500.00 as and for attorney's fees on appeal.

Nothing in the record presented to us reflects that any notice to take up the motion was given. Further, neither the order or record reflects a hearing was held. Rule 44.01(d).

In *Smith v. Smith*, 724 S.W.2d 541, 544 (Mo.App.E.D.1987), this court reversed an ex parte award of attorney fees to respondent wife. The award was reversed because "[husband] was not given notice of the hearing of the motion for attorney fees pending appeal." *Id.*

This court has previously discussed procedures in handling, as well as factors to be considered in awarding, attorney's fees on appeal. *Larison v. Larison*, 537 S.W.2d 438, 439 (Mo.App.E.D.1976); *Trapani v. Trapani*, 686 S.W.2d 877, 878–79 (Mo.App. E.D.1985). Suffice it to say that the lack of (1) notice, (2) a hearing, and (3) any evidence requires us to reverse the award of attorney fees on appeal.

The trial court's judgment granting the decree of dissolution, including the distribution of property, is affirmed. The trial court's order awarding attorney fees on appeal is reversed and remanded for further proceedings.

SMITH, P.J., and CARL R. GAERTNER, J., concur.