Thomas C. COUGHLIN, Jr., Appellant,

v.

Frances W. COUGHLIN, Respondent.

No. 58649.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 26, 1991.

Cornelius T. Lane, Jr., St. Louis, Alan Agathen, Clayton, for appellant.

Jerrold Harvey Chapnick, Clayton, for respondent.

CARL R. GAERTNER, Chief Judge.

This is an appeal from a dissolution decree from the Circuit Court of St. Louis County. Petitioner, Thomas Coughlin, appeals from the court's division of property.

Petitioner and respondent were married in May, 1981 and petitioner filed for this dissolution in February, 1988. Petitioner worked for Marketing Associates from 1971 until 1984. When he left in 1984, petitioner was given the $112,000 he earned in the company's profit sharing plan (hereinafter "profit plan"). Petitioner took the money from the profit plan and invested it in a Kemper Individual Retirement Account (Kemper I.R.A.). The current value of the Kemper I.R.A. is $125,528.

Petitioner also has two other I.R.A. accounts. The first is the Franklin Growth Account (Franklin I.R.A.) with a current value of $19,422. The second is the Putnam Voyager Account (Putnam I.R.A.) with a current value of $26,418.

In 1985, petitioner inherited $26,000 from his mother's estate. In March, 1986, petitioner purchased shares of stock in Dean Foods and Galtech. He stated that he used funds that he was earning to purchase those stocks, but did not identify the source of the funds. In September, 1987, petitioner purchased shares of American Barrick. In October, 1988, petitioner purchased a 1988 Mercury Cougar with a value of $12,-000.

Petitioner claims that the designation and division of these properties were erroneous. Petitioner does not claim error in the division of any other marital and non-marital properties.

On March 23, 1990, the trial judge entered his findings of fact and order dissolving the marriage. In that order he found that the petitioner possessed the following non-marital property: $86,154 of the profit plan; the $26,000 inheritance from his mother's estate; and $25,845 of the Kem-

per I.R.A. The court then determined the property of the marriage and divided it between the parties. The trial judge determined that $25,846 of the profit plan was marital property, and divided that in half between the two parties. Furthermore, the judge found that $99,683 of the Kemper I.R.A. was marital property, and awarded the entire amount to the husband. The judge awarded the Franklin I.R.A. and Putnam I.R.A. to the respondent. The court split the petitioner's stock equally between the two parties.

The division of marital property resulted in awards of $202,556 to the petitioner and $129,828 to the respondent. To offset this difference, the court ordered petitioner to pay $72,477, with interest, over a period of six years. In its order, the court stated that the purpose of this amount was to divide the marital property into approximately equal shares.

Petitioner raises numerous points on appeal. First, petitioner argues that the division of marital property is against the weight of evidence in that both the profit plan and inheritance should be non-marital property. Furthermore, those properties were invested in items which should now be non-marital property. Second, petitioner argues that respondent is only entitled to the marital portion of the Kemper I.R.A. because the source of the I.R.A. was the funds from the profit plan. Finally, petitioner argues that the court erred in its calculation in the amount required for an equal division of property.

A trial court possesses broad discretion in dividing and identifying marital property. *Rapp v. Rapp*, 789 S.W.2d 148, 150 (Mo.App.1990). Therefore, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless the judgment is against the weight of the evidence, or unless the court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An appellate court should set aside any decree or judgment that is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. 536 S.W.2d at 32.

Under Missouri law, property acquired by either spouse during the marriage is marital property. Mo.Rev.Stat. § 452.-330(2) (Supp.1990). There are some exceptions to this rule. Inherited property is non-marital property, even though it may have been inherited during the marriage. Section 452.330(2)(1). In addition, when non-marital property is used to acquire new property during the marriage, that new property remains non-marital. Section 452.330(2)(2). Property acquired during the marriage is presumed to be marital property, but that presumption may be overcome by showing that the property is non-marital. Section 452.330(3). The party claiming the property is non-marital must prove that it is non-marital with clear and convincing evidence. *Rapp*, 789 S.W.2d at 150.

■ Petitioner claims that he purchased the Kemper I.R.A. with the $112,000 from the profit plan, and then used funds from the Kemper I.R.A. to purchase the Franklin and Putnam I.R.A.s. The trial court properly divided the Marketing Associates profit plan between marital and non-marital property, because petitioner was married for three of the thirteen years that he was in the plan. Because the evidence showed that the money from the profit sharing plan was then used to purchase the Kemper Fund I.R.A., the court should not have included the profit plan in the division of property. In effect the trial court allocated the same fund twice. Because property acquired with non-marital property is also non-marital property, the Kemper I.R.A. is both marital and non-marital property in proportion to those portions of the profit plan. Section 452.330(2)(2). Furthermore, the appreciation in value of the Kemper I.R.A. is divided in proportion to the marital and non-marital portions of the original investment under the new version of § 452.330(2)(5). Therefore, $96,560 of the Kemper I.R.A. is non-marital property and $28,968 of the Kemper I.R.A. is marital property.

■ Respondent argues that the entire Kemper Fund is marital property by virtue of co-mingling the martial and non-marital portions of the profit sharing plan when petitioner invested in the Kemper I.R.A. In making this argument, respondent ignores the 1988 amendment to § 452.330, which now provides that non-marital property will not become marital property solely because it was co-mingled with the marital property. Section 452.330(4). This new law changes the old rule of *Cartwright v. Cartwright*, 707 S.W.2d 469 (Mo.App.1986). In *Cartwright*, the court found that income, such as interest, earned on non-marital property during the marriage was marital property, and reinvesting the income with the non-marital property converted the non-marital property into marital property. 707 S.W.2d at 472. However, the 1988 revisions in the statute changed this rule. In *In re Marriage of Smith*, 785 S.W.2d 764, 766 (Mo.App.1990), the court held that under § 452.330(4), the co-mingling of the interest income in the *Cartwright* case would not transmute the principal into marital property. The *Smith* court found that more than mere co-mingling, such as titling the non-marital property in both spouses names, is required to transmute the entire property into marital property. 785 S.W.2d at 766. Here, Petitioner maintained the Kemper I.R.A. in his name, and purchased it solely with funds from the profit plan. The reinvestment of the marital and non-marital portions of the profit plan did not render the entire Kemper Fund I.R.A. into marital property.

Petitioner next argues that the Franklin and Putnam I.R.A.s were purchased with funds from the Kemper I.R.A. There is no evidence in the record to support this contention. Therefore, the trial court properly deemed these I.R.A.s as marital property.

■ Petitioner's next argument is that he used his $26,000 inheritance to buy stocks and an automobile, which should be considered non-marital property. The trial court correctly decided that the $26,000 inheritance in 1985 was petitioner's non-marital property. Petitioner's argument is invalid because he testified that he pur-chased stock in Dean Foods and Galtech in March of 1986 with funds that he was earning. Similarly, petitioner offered no evidence to show that he used his inheritance to purchase the car, the stock in American Barrick, or the partnership interest.

■ Petitioner asserts that the aforementioned purchases could not have been made unless this court makes the reasonable inference that they were financed by the inheritance. This is not the law. A person claiming that an item is non-marital property has the burden of establishing that the acquired items are not marital property. *Ker v. Ker*, 776 S.W.2d 873, 876 (Mo.App.1989). This requires the tracing of the funds used to make the purchase, which the petitioner did not do here. The trial court properly decided that the inheritance is non-marital property and that the stock, the partnership interest, and the automobile are marital property.

■ Petitioner's final argument is that the court erred in awarding $72,477 in cash to be paid out over six years with interest. Specifically, petitioner points to the last sentence of paragraph 8 of the order which states "in arriving at this amount, the court is dividing the marital property into approximately equal shares, given the nature of the assets of the parties." This $72,477 amount is roughly the difference between the $202,556 of marital property awarded to the petitioner and the $129,828 in marital property awarded to the respondent. Under Rule 84.14 an appellate court may modify the judgment of the lower court to finally dispose of the case. If it is clear from the trial court's findings that it intended to divide the assets of the parties equally, as it is here, then the appellate court may enter the appropriate judgment. *Gauthier v. Gauthier*, 785 S.W.2d 86, 88 (Mo.App.1990). The order of the court clearly intends to divide the property equally, but it is evident that the trial court erred in its calculations.

The order of the trial court should be modified as follows:

1) The Marketing Associates Profit Plan should be excluded from the petitioner's non-marital property;

2) petitioner's non-marital portion of the Kemper I.R.A. should be changed $96,560;

3) the Marketing Associates Profit Plan should be excluded from petitioner's marital property;

4) petitioner's marital portion of the Kemper I.R.A. should be changed to $28,968;

5) respondent's portion of the Marketing Associates Profit Plan should be excluded.

These changes result in an award of marital property of $118,918 to the petitioner and $116,905 to the respondent. The amounts are contained in appendix 1. The difference of $2,013 between the marital property given to the parties is insignificant. It is clear that the trial court intended that the parties receive an equal share, and these amounts satisfy that intention. Therefore, the award of $72,477 to the respondent should be vacated, and paragraph 8 should be stricken.

The judgment of the trial court is affirmed as modified. The cause is remanded with directions to modify the judgment in accordance with this opinion.

SMITH, P.J., and SATZ, J., concur.

## APPENDIX 1

### Revised Property Disposition

#### Nonmarital Property

| Husband | | Wife | |
|---|---|---|---|
| Inheritance | 26,000 | H & R Block Stock | 1,000 |
| Kemper IRA (10/13) | 96,560 | Pioneer IRA | 10,000 |
| | | American Mutual IRA | 2,000 |
| | 122,560 | | 13,000 |

#### Marital Property

| | | | |
|---|---|---|---|
| Residence | 50,000 | Residence | 55,000 |
| Dean Foods Stock | 3,400 | Dean Foods Stock | 3,400 |
| Galtech Stock | 100 | Galtech Stock | 100 |
| Am. Barrick Stock | 2,250 | Am. Barrick Stock | 2,250 |
| 1988 Mercury Auto | 12,000 | 1987 Ford Auto | — |
| Lake Property | 3,750 | Household Goods | 2,500 |
| Boat | 2,500 | Pension | — |
| Kemper IRA (3/13) | 28,968 | Franklin Growth IRA | 19,422 |
| | | Putnam Voyager IRA | 26,418 |
| Profit Sharing Plan, Assoc. Bus. Forms | 7,200 | | |
| Benefit Plan, Assoc. Bus. Forms | 2,800 | | |
| Bank Account | 950 | Bank Account | 7,365 |
| | | Bank Account | 450 |
| Grenada Partnership | 5,000 | | |
| Insurance Policies | — | | |
| 1981 Mazda | — | | |
| 1979 Honda | — | | |
| | 118,918 | | 116,905 |

Difference = 2,013