**Mary Belle GAUTHIER,**
**Petitioner–Respondent,**

v.

**Eugene G. GAUTHIER,**
**Respondent–Appellant.**

No. 56424.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 9, 1990.

Rehearing Denied Feb. 14, 1990.

Charles A. Sheehan, High Ridge, for respondent-appellant.

Edward C. Vancil, Clayton, for petitioner-respondent.

GRIMM, Judge.

In this dissolution case, appellant-husband's brief sets out six "Points Relied On." There are, however, basically only three issues raised; that the trial court erred in (1) the distribution of the parties assets; (2) ordering husband to pay wife's attorney fees; and (3) issuing conflicting orders on payment of court costs. We modify the distribution of assets, assess costs to wife, and affirm.

Prior to this marriage, husband had acquired numerous common stocks, as well as other property. These assets were titled in his name alone.

During the marriage, husband purchased and sold many common stocks, preferred stocks, and bonds. Almost all of these were titled in his name alone. At trial, husband attempted to trace the origins of the stocks he currently owned back to the stocks he owned before the marriage. He was unsuccessful; the trial court found that all stocks and bonds were marital property.

Property "acquired by either spouse subsequent to the marriage ... is presumed to be marital property regardless of whether title is held individually...." § 452.330.3.* To overcome this presumption, the party seeking to have the property determined nonmarital must show that the property was acquired by one of the methods listed in § 452.330.2.

We have read the transcript and examined the exhibits that were received in evidence. Husband did not sustain the burden placed on him to establish that the stocks were nonmarital property. The trial court did not err in finding the stocks were marital property.

The record is confusing as to the assets owned, and their values. This confusion was carried over to the judgment. The trial court accepted wife's proposed findings of fact, conclusions of law, and judgment *in toto*. Those proposals, as one would expect, reflected the advocacy of wife's attorney. In some aspects, they reflected the existence of assets of which there was "evidence," at best minimal, but not "substantial" evidence. It is necessary, therefore, to adjust the values of some of the assets. A separate memorandum is being furnished to the parties detailing the values assigned to the individual assets.

The trial court found that the parties' assets had a value of $348,603.67. We value those assets at $312,503.28. Both totals include items which require further adjustments.

■ The total assets owned by the parties included preferred stock in Union Electric Company, as well as stock in Niagara Mohawk Power, Lockheed Corp., and Angell Care. The trial court found that these stocks had been sold for $14,844.80. The record also discloses that the proceeds from the Lockheed stock were used to purchase a 1987 Dodge Charger, valued at trial at $8,000. Including the value of both the Lockheed stock and the 1987 Dodge Charger in the total value of the assets resulted in overstating the assets by $8,000.

■ Further, the record discloses that while the case was pending, husband sold 1,735 shares of United Industrial Corp., 270 shares of Middle South Utilities, and 800 (reverse split to 160) shares of Spartech Corp. These stocks yielded $29,165.34. On the other hand, the record reflects that during this same period, he purchased 1500 shares of United Industrial Corp. for $22,750.83. Including both the assets sold and the newly purchased shares resulted in overstating the assets by $22,750.83.

In its findings, the trial court determined that all property is "marital property and divisible fifty percent (50%) to wife and fifty percent (50%) to husband." Further, the trial court found "that each party is entitled to fifty percent" of the marital assets. The trial court awarded wife the 1965 Chrysler Newport, the 1986 Dodge Charger, her Lemay Bank IRA account, her Boatmen's Bank checking account, her household goods, and 200 shares of Detroit Edison. These assets total $19,788.96. All other assets were awarded to husband.

To offset the amount awarded to husband, the trial court ordered husband to pay wife $155,512.87 cash. This amount was computed using $348,603.67 as the value of the parties' assets.

The assets, however, as indicated above, had a value of $312,503.28. As indicated earlier, this total includes, in effect, some duplicated entries. Listing as assets both

* All statutory references are to RSMo 1986.

the stocks sold for $14,844.80 and the 1987 Dodge Charger purchased with some of those proceeds overstated the assets by $8,000. A similar result occurred by listing as assets stocks that husband sold for $29,165.34, as well as 1,500 shares of United Industrial Corp. costing $22,750.83 purchased with those proceeds. Thus, the total estate is reduced by $30,750.83 (8,000 + 22,750.83), leaving a total estate of $281,752.45 (312,503.28 − 30,750.83).

 It is clear from the trial court's findings that it intended to divide the assets equally. To carry out that intent, and in compliance with the mandate of Rule 84.14 to dispose of the case "finally," the trial court's judgment is modified to require that husband pay wife $121,087.27 (one-half of $281,752.45 = 140,876.23, − $19,788.96) instead of $155,512.87.

 Husband's next point is that the trial court erred in ordering him to pay a portion of wife's attorney fees. The order is supported by substantial evidence and an extended discussion would have no precedential value. Rule 84.16(b). Point denied.

Husband's final point is that the trial court erred by issuing contradictory orders concerning the payment of court costs. The point is well taken.

Twenty-second Judicial Circuit form no. 41–B is a "fill-in-the-blanks" decree of dissolution form used in this case. Paragraph 15 of this decree provides that wife is to pay court costs. This decree, dated December 19, 1988, is signed by the trial judge.

The judgment prepared by wife's attorney, however, assesses the court costs to husband. This judgment, also dated December 19, 1988, is signed by the same trial judge.

 In *Fiorani v. Fiorani*, 720 S.W.2d 438, 444 (Mo.App.W.D.1986), the trial court's findings concerning payment of court costs conflicted with its order. Unlike *Fiorani*, we find no need to remand the costs issue to the trial court. In the interest of judicial economy, with consideration that form 41–B is filled out in handwriting while the formal judgment was pre-

pared by wife's attorney, costs are assessed to wife. Rule 84.14.

The judgment of the trial court is modified to order that husband pay wife $121,087.27, and court costs are assessed to wife. As modified, the judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.