**Mary Victoria ABSHER, Respondent,**

v.

**Charles Don ABSHER, Appellant.**

**Nos. 61368, 61683.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1992.

J. Michael Ponder, Cape Girardeau, for appellant.

Lenzie L. Leftridge, Jr., Flat River, for respondent.

CRIST, Judge.

Husband appeals the dissolution of marriage decree and the trial court's subsequent pendente lite order for Husband to pay $5,000 in attorney's fees for Wife's appeal. We affirm.

Husband and Wife were married on December 8, 1978, in the state of California.

Prior to their marriage, Husband had owned a successful furniture manufacturing business, which he had liquidated. Husband estimated his net worth upon marriage was $1.2 million. In the early years of marriage, Husband and Wife resided in California. In June 1979, Husband and Wife purchased a farm consisting of 153 acres in Perry County, Missouri. The farm was jointly titled in both Husband's name and Wife's name. They subsequently built a house on the land. At trial, Husband and Wife stipulated the house and farm were valued at $500,000. In 1980, Husband and Wife purchased another farm of 41.80 acres and in 1983 they purchased a farm of 119 acres. Each of these properties was jointly titled in both Husband's name and Wife's name. The parties stipulated at trial the 41.80–acre farm was worth $33,400 and the 119–acre farm was worth $83,300. Husband operated a business, Missouri Allco, Inc., which involved the ownership and leasing of two farms not in issue in this case. Husband and Wife opened a business together in 1989 called "The Billiard Club," a bar and poolroom.

On March 20, 1991, Wife filed a petition for dissolution in the Circuit Court of Perry County. On December 9, 1991, the trial court entered its decree of dissolution. The trial court determined Wife had separate property of books and paintings valued at $500. The trial court also determined Husband had the following separate property:

| | | |
|---|---|---|
| (1) | Missouri Allco, Inc. | $390,595.77 |
| (2) | Woodworking Tools | 1,500.00 |
| (3) | Account # 260908 | 1,175.00 |
| | TOTAL: | $393,271.65 |

The court concluded the following were marital assets of Husband and Wife:

| | | |
|---|---|---|
| (1) | Home and farm | $ 500,000.00 |
| (2) | 119 acre farm | 83,300.00 |
| (3) | 41.8 acre farm | 33,440.00 |
| (4) | Personal property | 39,670.00 |
| (5) | Farm equipment | 1,700.00 |
| (6) | Promissory Notes | 259,419.72 |
| (7) | CD # 9918 | 120,000.00 |
| (8) | "The Billiard Club" | 42,608.11 |
| | TOTAL: | $1,079,837.83 |

Except for Wife's personal items and some furniture, the trial court awarded Husband all of the marital assets. However, the court ordered Husband to pay Wife $250,000 as her share of the marital estate.

Husband appealed the division of the marital property. Wife filed a Motion for Attorney's Fees and Costs Pending Appeal on January 24, 1992. On February 5, 1992, the cause was brought for hearing and the trial court awarded Wife $5,000 for attorney's fees pendente lite. Husband also appealed that order. Husband's appeals were consolidated.

Husband first alleges the trial court erred in determining the marital home and 153–acre farm, the 119–acre farm, and the 41.8–acre farm were marital property. Husband argues that because he brought a substantial amount of money into the marriage and never intended any purchases made by Husband and Wife during the marriage to be marital property, the property in question cannot be marital property.

■ A trial court possesses broad discretion in identifying marital property. *Rapp v. Rapp*, 789 S.W.2d 148, 150[2] (Mo.App. 1990). Section 452.330.3, RSMo Supp.1991, provides any property acquired subsequent to the marriage and prior to legal separation or dissolution is presumed marital property. This presumption may be rebutted by clear and convincing evidence the property falls within one of the five exceptions listed in § 452.330.2. *Rapp*, 789 S.W.2d at 150[4]. Husband proffers the properties are not marital property because they are properties "acquired in exchange for property acquired prior to the marriage" as set out in § 452.330.2(2). Husband had to prove by clear and convincing evidence "there was no intent to make a provision for, a settlement in favor of, or a gift to the other spouse." *Willyard v. Willyard*, 719 S.W.2d 91, 93[1] (Mo.App. 1986).

■ Husband failed to meet his burden of proof to rebut the presumption. Husband presented no evidence the sole source of funds used to purchase the properties was entirely from funds he had acquired before the marriage or any other separate property. Husband did testify he

never intended the properties in question to become marital property. Yet, that evidence alone is entitled to little weight. *Tracy v. Tracy,* 791 S.W.2d 924, 928–29[7] (Mo.App.1990). Moreover, the joint titling of the properties upon acquisition creates a strong presumption that Husband intended a gift to the marital estate. *Fuqua v. Fuqua,* 765 S.W.2d 640, 644[4] (Mo.App. 1989). The trial court did not accept Husband's testimony rebutting the presumption. The credibility of witnesses is within the realm of the trial court. *Willyard,* 719 S.W.2d at 93[2]. We must give due deference to its judgment.

Husband further asserts the division of the marital property is inequitable, because the court failed to consider the uniqueness of the property and the depressed real estate market in dividing the marital property. Husband stipulated at trial the value of the property. If Husband believed the uniqueness of the home and the depressed real estate market were relevant, Husband should have presented such evidence at trial.

■ Further, Husband complains that the division of the marital assets is inequitable because, in Husband's words, Wife "did not contribute one red cent to the marital estate" and "did not financially contribute whatsoever to the marriage." What Husband fails to recognize is that financial contributions are not the only considerations in dividing marital property equitably. Section 452.330.1, RSMo Supp. 1991, states the trial court must consider *all relevant factors* in dividing marital assets, including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective ...;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse....

Husband was left with over $1 million in assets upon division of the property, including approximately $400,000 in separate property. Wife received $500 in separate property. Furthermore, even though the marital assets totalled over $1 million, Husband need only pay Wife $250,000. Wife further waived any marital interest she may have had in "The Billiard Club." Wife also contributed to the marriage in more than financial ways. She took care of the home, cooked all the meals, and worked at the business. In fact, Husband stated at trial he barred her from working at "The Billiard Club" because he "wanted a lady of the house, not a lady of the bar." Husband cannot now complain about Wife's lack of financial contribution. Point denied.

■ Husband also appeals the trial court's award to Wife of $5,000 in attorney's fees pending appeal. The trial court has broad discretion in awarding attorney's fees. *Burden v. Burden,* 811 S.W.2d 818, 822[13] (Mo.App.1991). Therefore, an award of attorney's fees is presumed correct and Husband bears the burden of proving it is incorrect. *Id.* Husband has not met that burden. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.