**In re the Marriage of Joan K. CARTER, Petitioner–Appellant,**

v.

**Robert K. CARTER, Defendant–Respondent.**

No. 65088.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1995.

---

Bruce E. Friedman, St. Louis, for appellant.

Bryan Hettenbach, Clayton, for respondent.

DOWD, Judge.

Petitioner Joan K. Carter (Wife) appeals from the trial court's decree of dissolution challenging the limited duration of her maintenance award, the amended valuation of the marital residence, the offset of the pendente lite (PDL) arrearages of Respondent Robert K. Carter (Husband) against the marital property awarded to her, and the characterization of certain property as marital. We affirm the original decree as modified.

Husband and Wife were married on January 6, 1973, in St. Louis County, Missouri. Three children were born of the marriage. On December 26, 1989, Wife filed a petition for dissolution. Husband filed an answer and cross-petition, and Wife filed a motion for temporary custody, support and maintenance. On July 10, 1990, the trial court entered an order awarding custody of the parties' three minor children to Wife and ordering Husband to pay temporary child support of $3,351 per month and temporary maintenance of $750 per month through December 31, 1990. The trial court also ordered Husband to provide health insurance for Wife and the children and to pay one-half of the children's private school tuition. On December 26, 1990, Wife filed a Motion to Modify Temporary Maintenance and Child Support Pendente Lite. The trial court modified its previous order to continue until Wife's motion was heard. On January 28, 1991, the court entered a PDL order awarding Wife maintenance of $750 a month and child support of $3,250 per month.

On October 6, 1993, the trial court entered a decree of dissolution which ordered Husband to pay maintenance of $750 per month for three years and child support of $486 per child per month. The decree divided the parties' marital property as follows:[1]

### Marital Property Awarded to Wife

| | |
|---|---|
| Real Property at 12026 Conway Road | $221,000 less $126,000 total mortgages = $95,000 |
| Value of 1987 Audi (insurance check cashed by Wife)[2] | $5,000 |
| Ring | $6,200 |

### Marital Property Awarded to Husband

| | |
|---|---|
| Enterprise bank account in the name of "Carter Investments" | $300 |
| Marital monies used by Husband in lieu of child support, maintenance tuition and medical coverage | $108,422.76 |

---

1. Items awarded but not valued or valued at zero have been omitted.

2. The parties list this car as a 1985 Audi in their property statements.

The court awarded Husband as his separate property: a 1987 Audi, sports equipment, a ring, 17 shares of Columbia Gas stock, and his clothing and personal effects. As her separate property, Wife was awarded 16.67 shares of stock in Huntley Construction Co., valued at $290,000, and her personal clothing and personal belongings.

■ On review of a dissolution, the decree must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *In re Marriage of Julian*, 868 S.W.2d 182, 184 (Mo.App.1994). We must accept as true the evidence and permissible inferences therefrom in the light most favorable to the trial court's decree and disregard all contrary evidence and inferences. *Id.* When there is a conflict in testimony, we defer to the trial court's determination of the credibility of the witnesses. *Id.*

In her first point, Wife contends the trial court erred in limiting her award of maintenance to a three-year period because there was no evidence that she would be able to support herself at the end of three years. Section 452.335.1, RSMo 1994, provides that a trial court may award maintenance only where the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

■ According to § 452.335, a trial court has a great deal of discretion in determining the amount and the duration of maintenance. However, a decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties. *Hicks v. Hicks*, 859 S.W.2d 842, 847[12] (Mo.App.1993). In *Smith v. Smith*, the court summarized the requirements for an award of limited maintenance by stating:

> Substantial evidence must exist supporting a reasonable expectation that such a change will occur. Maintenance should not be prospectively terminated unless the evidence indicates that the circumstances of the parties will be markedly different in the future. Because of the justification required for maintenance awards of limited duration, the judicial preference is for awards of maintenance of unlimited duration. (Citations omitted.)

*Smith v. Smith*, 840 S.W.2d 276, 277[1, 2] (Mo.App.1992).

■ The evidence showed Wife had studied Fine Arts at Washington University and had completed about two years towards her degree. She left college when she became pregnant with her first child. In 1974, she started her own interior design business. However, her work has been primarily limited to decorating display homes built by her father's company.

Both parties hired vocational experts to assess Wife's employment opportunities. Both experts agreed Wife's best opportunity for employment was in the field of interior design. David Kutchback, Wife's expert, stated Wife's lack of a degree would impair her employability, but she could probably earn $20,000 or more in the open labor market. James England, Husband's expert, testified Wife could earn in the range of $30,000 to $40,000 in the open labor market and did not require a college degree.

Although Wife was working in interior design at the time the decree was entered, her income was not near either of these amounts. The trial court stated it was awarding Wife limited maintenance in order to give her an opportunity to complete her education and seek employment in the open market but found Wife to be "an intelligent, competent and able-bodied person, capable of supporting herself under normal circumstances."

■ Although the trial court stated it was awarding Wife limited maintenance for three years to allow her to finish her degree, there

was insufficient evidence in the record for the court to find, even if Wife were able to complete her degree, her financial prospects would be appreciably better in three years than they were on the date the decree was entered. Maintenance awards cannot be based on mere speculation as to the future financial condition of the spouse. *Id.* at 277[2]. We find the trial court abused its discretion in limiting Wife's maintenance award to a three-year period.

■ Under Rule 84.14, we may enter the judgment the trial court should have entered, effective at the time of the decree, where we believe the trial court has abused its discretion. *In re Marriage of Torix,* 863 S.W.2d 935, 941[18] (Mo.App.1993). Accordingly, the decree is modified to order Husband to pay $750 per month in maintenance until he requests a modification and the trial court finds a change deemed appropriate under § 452.370, RSMo 1994, has occurred.

In her second point, Wife alleges the trial court erred in amending its valuation of the marital residence from $221,000 to $271,945. In her motion to amend, Wife asked the trial court to amend the value of the marital residence downward to $120,000. Wife also asked the trial court to clarify whether the $108,422.76 listed as marital property awarded to Husband was marital funds Husband had secreted and concealed or whether it represented Husband's PDL arrearages. Wife argued, if the court viewed the $108,422.76 as secreted funds, Husband should not have been given credit for his PDL arrearages against Wife's equity in the marital home because this gave Husband the full benefit of the concealed funds and allowed him to escape liability for his PDL arrearages. However, if the court viewed the amount simply as PDL arrearages, Husband should have only been allowed an offset for $52,950 (one-half of the marital estate ($106,500) minus the $300 bank account awarded to Husband).

On November 17, 1993, the trial court amended the October 6, 1993 decree as follows: [3]

### Marital Property Awarded to Wife

| | |
|---|---|
| Real Property at 12026 Conway Road | $271,945.51 less $126,000 total mortgages = $145,945.52 |
| Value of 1987 Audi (insurance check cashed by Wife) [4] | $5,000 |
| Ring | $6,200 |
| TOTAL: | $157,145.52 |

### Marital Property Awarded to Husband

| | |
|---|---|
| Enterprise bank account in the name of "Carter Investments" | $300 |
| Marital monies used by Husband in lieu of child support, maintenance tuition and medical coverage | $78,422.76 |
| TOTAL: | $78,722.76 |

In addition to increasing the value of the marital residence and therefore Wife's total award of marital property, the trial court amended paragraph 32 of the decree to read:

The Court, however, orders Husband purged of said contempt by offsetting a portion of the amounts due and owing ($78,422.76) against the value of the marital property awarded to Wife.... The remaining balance of arrearages and amounts determined due and owing totals $30,000 and judgment is entered against Husband and in favor of Wife in the total sum of $18,219.76 for amounts due and owing, leaving a balance of $11,780.24 in support and maintenance arrearages.

■ The trial court entered its amended order 42 days after the original decree was

---

3. Amended values are highlighted.

4. The parties list this car as a 1985 Audi in their property statements.

entered. A trial court is only empowered to amend, vacate, reopen or modify upon its own motion for 30 days after entry of judgment. Rule 75.01. When one of the parties files an authorized post-trial motion, the period is extended to 90 days. Rule 73.01; Rule 81.05. *See also, State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921, 923[1] (Mo.App.1979). However, following the expiration of the initial 30–day period, the trial court may only grant relief within the range of remedies suggested in the parties post-trial motions. *Layton v. Layton*, 724 S.W.2d 657, 658[2] (Mo.App.1986); *Luten*, 581 S.W.2d at 923[1]. Because the trial court's order amending its decree was entered 42 days after the entry of the original decree, the trial court was limited to the remedies Wife suggested in her Motion to Amend Judgment. Wife did not request that the value of the marital residence be increased; therefore, the trial court's amended order was in excess of its jurisdiction and is void. *Luten*, 581 S.W.2d at 923[3].

In her third point, Wife also argues, assuming the trial court's amended valuations are void, the calculations in the trial court's original order are in error because Husband's PDL arrearages should have been offset against one-half of the marital estate, the share which would have been awarded to Husband if his PDL arrearages had not been offset, rather than against all of the marital property awarded to Wife.[5]

In its original order, the trial court stated: In arriving at the division of marital property, the Court has taken into consideration the conduct of the parties during the marriage, the economic circumstances of each of the parties, and the custodial arrangements for the minor children, if any; and the Court has intended to set off the marital property into approximately equal shares, given the nature of the assets of the parties.

■ Rule 84.14 allows an appellate court to modify the judgment of the lower court in order to finally dispose of the case. *See, Coughlin v. Coughlin*, 823 S.W.2d 73, 76[5, 6]

(Mo.App.1991); *Gauthier v. Gauthier*, 785 S.W.2d 86, 88[3] (Mo.App.1990). Since the trial court's order clearly states its intent to divide the marital property into equal shares, we will enter the judgment the trial court should have entered to carry out this intent. *Id.*

When dividing the marital assets, the trial court erroneously included Husband's $108,442.76 in PDL arrearages as a marital asset. The total value of the marital estate was $106,500 ($95,000 net value of marital residence, $6,200 ring, $5,000 1985 Audi, and a $300 bank account). Upon dividing the marital property into equal shares, each party would be entitled to $53,250. After Husband's share of marital assets is transferred to Wife as credit towards his PDL arrears, Husband is still left owing $55,472.76 ($108,422.76 – $52,950—Husband's half of the marital property minus the $300 bank account awarded to him). The trial court's original order is modified to require Husband to pay Wife this amount.

■ In her fourth point, Wife argues the trial court erred in characterizing the $6,200 ring as marital property because she received the ring as a gift from Husband. The trial court has broad discretion in identifying marital property. *Absher v. Absher*, 841 S.W.2d 293, 294[1] (Mo.App.1992). Because the ring was acquired subsequent to the marriage and prior to the divorce decree, it is presumed to be marital property. *Townsend v. Townsend*, 705 S.W.2d 595, 598 (Mo.App.1986). This presumption can be overcome by presenting clear and convincing evidence that the property falls within one of the five exceptions listed in § 452.330.2, RSMo 1994. *Absher*, 841 S.W.2d at 294[1]. The only evidence Wife presented that she received the ring as a gift from Husband was her own testimony. The trial court found Wife's testimony was insufficient to rebut the presumption that the ring was marital property, and we must defer to its judgment. *Id.* Point denied.

■ In her final point, Wife argues the trial court erred in valuing the insurance

---

5. The trial court's amended order attempts to correct this miscalculation. However, since the amended order only readjusted Husband's offset

after revaluing the marital residence, we do not rely on the recalculations done in the amended order.

check for a 1985 Audi at $5,000 and in including it as marital property. We disagree. Both Husband and Wife listed the 1985 Audi as marital property on all of their Statements of Property. Wife testified at trial that her daughter had crashed the Audi, and that she believed the insurance check was $3,400. However, even after this testimony, Wife filed a Second Amended Statement of Property in which she listed the 1985 Audi as marital property with a value of $5,000. We must defer to the trial court's finding that the Audi was marital property. Further, the trial court properly valued the Audi at $5,000 because this finding was within the range of conflicting value evidence presented at trial, and it is within the trial court's discretion to resolve conflicts in the evidence. *Gulmen v. Gulmen,* 851 S.W.2d 37, 38[1] (Mo.App.1993). Point denied.

The trial court's amended order is found to be void. Its original order is modified to purge Husband of contempt in the amount of $52,950 for his portion of martial property transferred to Wife as an offset against his PDL arrearages and to order Husband to pay Wife $55,472.76.

The trial court's original order is affirmed as modified.

CRANDALL, P.J., and WHITE, J., concur.