In re the Marriage of Dianne HANSEN f/k/a Patricia Dianne Phenicie, Petitioner–Appellant,

v.

Jay PHENICIE, Respondent–Respondent.

No. 67105.

Missouri Court of Appeals, Eastern District, Division One.

March 5, 1996.

Susan H. Mello, Clayton, for Appellant.

Swann & Hendrix, Elizabeth W. Swann, O'Fallon, for Respondent.

KAROHL, Judge.

Dianne Hansen, (Mother), appeals from order modifying child support. Mother claims the court erred: (1) by imputing income to her as a real estate manager with no evidence of available jobs or prevailing job opportunities in the community for her; (2) by failing to include health insurance and orthodontic expenses on the Form 14 without a finding the chart figure was unjust; and, (3) by ordering Father to pay 50% of college costs while the Form 14 calculated Father's share for support at 67%.

The marriage was dissolved in 1984. The parties have three children, two sons, eighteen and twenty years of age, and a daughter who is emancipated. Father has a college degree in economics with two additional years of graduate education. He has remarried. He and his present wife provide a home for their son and two children from her previous marriage. Mother has a high school diploma. She remarried but has no additional children. She is unemployed. She lost her employment as a property manager in December, 1993, when her employer filed bankruptcy.

We review under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc. 1976). "[T]he decree ... of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

In her first point, Mother claims error in the court's imputing income to her on the Form 14 calculation where the evidence showed she actively sought employment but no work was available. We addressed this issue in *Jensen v. Jensen,* 877 S.W.2d 131 (Mo.App.E.D.1994):

A spouse may not escape responsibility to his or her family by deliberately limiting his or her work to reduce income. In order to avoid such a situation, a court *may, in proper circumstances,* impute an income to a spouse according to what that spouse *could earn* by use of his or her best efforts to gain employment suitable to that spouse's capabilities. This measure applies particularly where a spouse has voluntarily reduced his or her income.

The most common scenario in which income is imputed to a spouse is where that spouse has *deliberately quit work* in order to reduce his or her child support.... Imputation of income has also been used where the spouse attempts to inaccurately show future income will be lower than in the past as through his control and manipulation of a close corporation.... The principle has also been extended to apply in situations where the spouse lost his or her job involuntarily but *did not in good faith attempt to obtain new employment or refused to* accept employment offers which were received.

*Id.* at 136. (Citations omitted, emphasis ours).

Here, Mother lost her employment involuntarily. She testified and offered exhibits as evidence of her efforts to obtain employment. Prior to job termination she had substantial earnings as a rental property manager. She testified she sought work by doing everything she considered possible to find work. Father offered no evidence to support a finding Mother had not attempted to find employment nor evidence of available employment. Specifically, there was no evidence to support imputing $20,000 annual salary to Mother. Thus, there was no evidence to meet the requirements reviewed in *Jensen* after an involuntary job loss. To the contrary, evidence presented would only support a finding of Mother's substantial effort to seek employment. We reverse and remand for reconsideration of a modified support order without imputing income to Mother on the basis of the existing evidence.

We do not reach and do not decide the other claims of error. They may be resolved

by the trial court in reconsidering all support issues.

Reversed and remanded.

REINHARD, P.J., and CRANDALL, J., concur.