Suzanne SILVERSTEIN,
Petitioner/Appellant,

v.

Ronald SILVERSTEIN,
Respondent/Respondent.

No. 69523.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1997.

W. Morris Taylor, P.C., Clayton, for petitioner/appellant.

David B. Lacks, Lacks, Newman & Cohen, P.C., Leigh Joy Carson, Clayton, for respondent/respondent.

SIMON, Judge.

Suzanne Silverstein (mother) appeals from a judgment and decree of dissolution from Ronald Silverstein (father) entered by the Circuit Court of St. Louis County.

Mother contends that the trial court erred in: (1) calculating the child support award in that the trial court based its award on an improper imputation of income to mother; (2) finding that father had not engaged in marital misconduct and in dividing the marital property without consideration of father's misconduct; (3) awarding father 79% of the marital property because the trial court

failed to consider all relevant facts under § 452.330.1 RSMo 1994 (hereinafter all references are to RSMo 1994 unless otherwise noted); (4) classifying any portion of the assets set apart to father as his separate property because the property was acquired after the marriage and father failed to set forth clear and convincing evidence to show that the assets were acquired with non-marital funds prior to the marriage; (5) failing to distribute the substantial passive loss carry-forward created during the marriage and by excluding rebuttal testimony concerning the nature and value of said carry-forward; (6) finding that a health benefit plan for the minor children was available to mother because mother was unemployed and had no job prospects; (7) failing to order father to pay mother periodic or limited maintenance because mother was unemployed and there was no evidence that she had voluntarily diminished her earning capacity and (8) awarding mother only $10,000 toward her attorney's fees because the award was grossly deficient. Further, mother contends that when the trial court's rulings are taken as a whole, they reflect "bias against [mother] and an anti-female perspective on the part of the trial court which is contrary to the legislative policy of gender neutrality underlying Chapter 452 RSMo 1994." We affirm in part and reverse and remand in part.

The decree must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Carter v. Carter,* 901 S.W.2d 906, 909[1–3] (Mo.App.1995). We must accept as true the evidence and permissible inferences therefrom in the light most favorable to the decree and disregard all contrary evidence and inferences. *Id.* Where there is a conflict in testimony, we defer to the trial court's determination of the credibility of the witnesses. *Id.*

In a light most favorable to the decree, the record reveals that the parties were married on February 8, 1990. During their five year marriage, two children were born. At the time of trial father was fifty-six and mother was thirty-seven.

Both parties were employed at the time of the marriage. Mother has a high school education and was employed as an area manager in training for Payless Shoe Source. She became a district supervisor and was employed with the company for approximately five years. The company "down sized" and her position was eliminated. Mother then began her own company which failed after five months. Subsequently, she secured a position at Zam's Party Center as a district supervisor but was released from the position as the company experienced financial difficulties.

After termination by Zam's, mother sought further employment. She contacted "headhunters," sent out resumes, and made contact phone calls. However, at the time of trial she had not been offered a job. Mother received three weeks severance pay from Zam's and was eligible for unemployment while pursuing job placement. Mother testified that she is unlikely to secure a similar position because she lacks a four year degree and that she was willing to accept other types of employment.

At all times father has been self-employed. His business, an executive search firm, places accounting and financial applicants with CPA firms and other corporations. Father is also involved with several other companies, one of which he loaned money for start-up costs. He has experienced some health problems and has not worked full time for approximately a year prior to trial.

In mother's petition for dissolution she alleged that the children are in need of support, and that she does not possess sufficient income to provide for her reasonable needs through appropriate employment. Further, mother sought maintenance, child support, attorney's fees, and for the trial court to divide the marital property pursuant to statute and father's misconduct.

Father answered and filed a cross-petition for dissolution. He alleged that he is willing to provide for the children but alleged that mother is employed, in good health, works full time and is well able to support herself and contribute to the support of the minor children.

On August 29, 1995, Commissioner issued a Judgment and Decree of Dissolution which set forth Findings of Fact and Conclusions of Law. Mother and father filed motions to amend the decree or in the alternative for a new trial. The trial court adopted and confirmed the findings of Commissioner as the Judgment of the court. Subsequently, mother filed a motion for a new trial or in the alternative to amend the decree. The trial court denied all of the parties' motions. The decree provides in pertinent part:

I.   JURISDICTION ...
     THE COURT FINDS AS FOLLOWS ...
     11.  Husband has not engaged in marital misconduct during the marriage.

\* \* \*

III. CLASSIFICATION AND DIVISION OF PROPERTY ...

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED ...
     10.  In summary, the total values of the marital property, non-marital property, and debts to which values have been assigned by the Court herein are as follows:

|   |   |   |
|---|---|---|
| a. | Marital property of [mother] | $ 20,688.00 |
| b. | Non-marital property of [mother] | $ 500.00 |
| c. | Debts to be paid by [mother] | $ −28,207.30 |
|  | TOTAL FOR [MOTHER] | $ − 7,019.30 |
| d. | Marital property of [father] | $ 599,180.98 |
| e. | Non-marital property of [father] | $ 238,610.81 |
| f. | Debts to be paid by [father] | $ −363,735.00 |
|  | TOTAL FOR [FATHER] | $ 474,056.79 |

\* \* \*

IV.  MAINTENANCE OF THE PARTIES THE COURT FINDS AS FOLLOWS:

|   |   |   |
|---|---|---|
| 1. | [Mother's] gross monthly income ... Income imputed to [mother] | $ 4,000.00 |

\* \* \*

     4.  [Mother] has no income from property apportioned to her, and therefore she lacks sufficient property to provide for her reasonable needs.

     5.  [Mother] is currently unemployed, but the Court finds that [she] is able to obtain employment and therefore will impute income to her in the amount of $ 4,000.00 per month. In addition, [mother] indicated on her Form 14 filed with the [C]ourt that her income was $ 4,000.00 per month....

In her first point on appeal, mother contends that the trial court erred in calculating the child support award because the court based its award on an improper imputation of income.

■■■   A spouse may not escape responsibility to her family by deliberately limiting her work to reduce income. *Jensen v. Jensen*, 877 S.W.2d 131, 136[12–14] (Mo.App. 1994). In order to avoid such a situation, a court may impute an income to a spouse according to what that spouse could earn by use of her best efforts to gain employment suitable to that spouse's capabilities. *Id.* This measure is applied particularly where a spouse has voluntarily reduced her income. *Id.* The imputation of income has also been extended to apply in situations where the spouse lost her job involuntarily but did not in good faith attempt to obtain new employment. *Id.*

■   Here, the factual situation is similar to a recent decision of this court in *Hansen v. Phenicie*, 917 S.W.2d 618 (Mo.App. E.D.1996) where the evidence showed mother left her employment involuntarily and made efforts to obtain employment. Prior to her termination, she had substantial earnings as a rental property manager. She testified that she sought work by doing everything she considered possible to find work. Father offered no evidence to support a finding that mother had not attempted to find employment nor evidence of available employment. The trial court imputed $20,000 annual salary to mother. We reversed and remanded the case finding no evidence to support the imputation of income. *Id.* at 619.

Here, mother testified that she had involuntarily lost her employment before trial. Further, that she sought employment by contacting at least two headhunters to secure a position. Additionally, she sent out resumes and made phone calls. Father offered no evidence to the contrary. Our review indicates that the trial court's imputation of $48,000.00 annual salary to mother is not supported by substantial evidence.

■   Since our finding as to the imputation of income impacts the child support, maintenance and property distribution awards, the judgment must be reversed and remanded.

We will address mother's other points which may arise on remand.

■ In her second point on appeal, mother contends that the trial court erred in finding that father had not engaged in marital misconduct and in dividing the marital property without consideration of father's misconduct. Although, under the evidence, we may have reached a different conclusion, we defer to the trial court's determination of credibility. *Dachsteiner v. Dachsteiner,* 894 S.W.2d 248, 249[2] (Mo.App. E.D.1995). Point denied.

■ In her fifth point on appeal, mother contends the trial court erred in failing to distribute the substantial passive loss carry-forward created during the marriage and by excluding rebuttal testimony concerning the nature and value of said carry-forward.

Father testified on cross-examination that he had generated a fair amount of a passive loss carry-forward during the marriage. He state that his 1994 tax return reflected approximately $134,000.00 of passive loss carry-forward. Father produced no contrary evidence on redirect and he put on no rebuttal evidence. His testimony establishes that there was passive loss carry-forward generated during the marriage and as such it is a marital asset which the trial court must divide. *Mills v. Mills,* 663 S.W.2d 369, 372 (Mo.App.1983). The trial court, in its extensive Findings of Fact and Conclusions of Law, did not divide the passive loss carry-forward. Mother's point is meritorious.

Based on our conclusions as to the imputation of income and the passive loss carry-forward and their impact on the child support, maintenance and property distribution, we must affirm in part and reverse and remand in part for proceedings in accordance with this opinion.

Judgment affirmed in part and reversed and remanded in part.

RHODES RUSSELL and PUDLOWSKI, JJ., concur.