**Jean D. BAKER,**
**Petitioner/Respondent,**

v.

**Robert J. BAKER,**
**Respondent/Appellant.**

**No. ED 78903.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 2, 2001.

unless otherwise indicated.

Robert J. Baker, Hazelwood, MO, Pro Se.

Mary Ann Weems, Clayton, MO, for Respondent.

*Introduction*

SULLIVAN, Presiding Judge.

Robert J. Baker (Father) appeals from a trial court Order and Judgment of Modification (Judgment) increasing his child support payment obligation. We reverse and remand with instructions.

*Factual and Procedural Background*

In January 1991, the trial court entered a decree of dissolution of marriage for Father and Jean D. Baker (Mother). One child was born of the marriage, G.B., in July 1986. Mother received primary physical custody of G.B. An Order of Custody, Child Support and Guardian Ad Litem Fees, entered in September 1990, ordered Father to pay child support in the amount of $400 per month. In May 1999, the Missouri Division of Child Support Enforcement filed a Motion for Modification of Child Support requesting an increase in the amount of child support to $501 per month. In October 1999, after an administrative hearing, the hearing officer reduced Father's monthly child support obligation to $200 plus $180 for health insurance coverage on G.B. The hearing officer attached a Civil Procedure Form 14 (Form 14) to his administrative order. In August 2000, with no petition for judicial review being filed, the trial court found that the modification complied with Rule 88.01,[1] and it confirmed and adopted the administrative order as the judgment of the court.

Mother filed a Motion to Modify. In October 2000, after a bench trial, the trial court entered its Judgment, increasing Father's monthly child support payment to $613, retroactive to June 1, 2000. The trial court attached a Form 14 to the Judgment. The Judgment also ordered Mother to maintain health and medical insurance

---

1. All rule references are to Mo. R. Civ. P.2001, unless otherwise indicated. Rule 88.01 provides:
  (a) When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors.
  (b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be

awarded in any judicial or administrative proceeding. Unless a request is filed pursuant to Rule 73.01(a)(3), a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.

coverage on G.B., in the amount of $127 per month, with any uncovered expenses for G.B. to be split equally between Father and Mother. In its Judgment, the trial court found that Mother "has sustained her burden of proof in demonstrating a change of circumstances has occurred so substantial and continuing as to make the terms concerning child support and health insurance coverage unreasonable."

Additionally, the Judgment ordered Father to pay $1,500 toward Mother's attorney's fees, which the trial court found to be approximately $1,800. The Judgment also ordered Father to be solely responsible for the Guardian Ad Litem fees in the amount of $750, as previously ordered by the trial court. Father appeals the Judgment pro se.

*Discussion*

■ We interpret Father's point on appeal to challenge the trial court's finding that Mother met her burden of showing changed circumstances so substantial and continuing as to make the terms concerning child support unreasonable and the trial court's order increasing Father's child support payment obligation.[2]

■ The trial court's order as to child support will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Gal v. Gal,* 937 S.W.2d 391, 392 (Mo.App. E.D.1997). Where there is a conflict in testimony, we defer to the trial court's determination of the credibility of witnesses. *Id.* We view the evidence in a manner favorable to the order and disregard contrary evidence. *Id.* We defer to the trial court even if the evidence could support a different conclusion. *Id.*

■ A child support award may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370.1.[3] The factors to be considered by a court in determining whether or not a substantial and continuing change of circumstances has occurred are: (1) the financial resources of each party, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits; and (2) the earning capacity of a party who is not employed. *Id.* The burden of proof is on the party seeking modification, and the changed circumstances sufficient to support a modification must be proven by detailed evidence. *Killian v. Grindstaff,* 987 S.W.2d 497, 499 (Mo.App. E.D.1999).

■ In considering whether there has been a sufficient change of circumstances, we look to the date of the last prior modification. *Massey v. Todd,* 962 S.W.2d 949, 950 (Mo.App. S.D.1998). Although the hearing officer entered his administrative order in October 1999, from which Mother did not file a petition for judicial review, the trial court confirmed and adopted the administrative order as the judgment of the court in August 2000, only two months prior to the Judgment from which Father appeals.

---

**2.** Father raises issues in his argument section that are not raised in his point relied on, and we do not address those issues. The argument shall be limited to those errors included in the "Points Relied On." Rule 84.04(e). Further, in his reply brief, Father presents three points relied on. Points and arguments omitted from an appellant's initial brief may not be supplied by a reply brief. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App. E.D. 2000). Thus, we review Father's reply brief with this rule in mind.

**3.** All statutory references are to RSMo (2000), unless otherwise indicated.

The primary basis for increasing Father's child support payment obligation from the prior order to the Judgment from which Father appeals is the difference in the amount of imputed monthly income to Father. In the administrative order, the hearing officer found the following:

Father presented credible evidence that he has essentially been terminated from a high-paying job he had worked for years with Boeing in St. Louis. The hearing officer finds that based on Father's age and work history it is unrealistic to expect that he will be able to obtain similar employment at a comparable wage in the foreseeable near future.

Therefore, Father was imputed income [on the attached Form 14] based on his testimony that, although he is presently unemployed, based on some preliminary inquiries into what he might be able to command in the present job market, he expects that he will be able to obtain employment at $10.00 per hour, 40 hours per week ($10.00 per hour $\times$ 40 hours per week $\times$ 52 weeks per year $\div$ 12 months = $1733.33, or $1733.00, rounded).

Likewise, Mother's income is imputed to her based on her testimony that although she is presently unemployed, she expects that she will be able to obtain employment at $9.50 per hour, 40 hours per week ($9.50 per hour $\times$ 40 hours per week $\times$ 52 weeks per year $\div$ 12

months = $1646.67, or $1647.00, rounded).

■ On the Form 14 attached to the Judgment from which Father appeals, the trial court imputed income to Father in the amount of $4,000 per month, presumably based on the figure Mother entered on her Form 14.[4] Regarding that figure, Mother testified to the following during direct examination:

Q. We've imputed income to your former husband because he is self-employed, and we don't have any records of his employment, of $4,000 a month; is that correct?

A. That sounds right. Yes.

Presumably, Mother estimated the $4,000 figure based on Father's salary while at Boeing.[5] While the imputation of income is proper in certain situations, proof that a parent has previously made more money is not alone a sufficient basis upon which to impute income at those levels. *Haden v. Riou*, 37 S.W.3d 854, 861 (Mo.App. W.D. 2001). The amount imputed must be based on the types of evidence discussed in the Form 14 instructions. *Id.*

Form 14 Comment H regarding imputed income provides:

When determining whether to include imputed income and, if so, the amount to include in a parent's "gross income," a court or administrative agency shall consider all relevant factors, including:

(1) the parent's probable earnings based on the parent's work history during the three years, or such time period

4. We note that Mother imputed the same income for herself on her Form 14 at trial that the hearing officer imputed to her in the administrative order.

5. The following exchange occurred during cross-examination of Father:

Q. And were you formerly earning in excess of $60,000 a year at Boeing, at the time in the last several years?

A. No, not the last several years. Maybe one year I did, when I got a lot of overtime. But probably $45,000 is what my base salary was.

Q. And then you earned in excess of that base salary, didn't you?

A. Off and on, yes. I'd take the overtime whenever I could.

as may be appropriate, immediately before the beginning of the proceeding and during any other relevant time periods;

(2) the parent's occupational qualifications;

(3) the parent's employment potential;

(4) the available job opportunities in the community; and

(5) whether the parent is custodian of a child whose condition or circumstances make it appropriate that the parent not be required to seek employment outside the home.

As indicated in the quoted portion of the administrative order above, the hearing officer expressed his consideration of these factors in specific, detailed findings. On the contrary, in its Judgment, the trial court did not specify what constituted a change of circumstances so substantial and continuing as to make the terms concerning child support unreasonable.

■ Further, the amount of income imputed to a parent must be supported by substantial evidence. *Silverstein v. Silverstein*, 943 S.W.2d 300, 302 (Mo.App. E.D. 1997). At trial, Father testified that he is self-employed as a real estate broker and that, at the time of trial, he had only made $8,000 for the year. He also does odd jobs to make extra spending money. He stated that his total income was about $15,000 per year. Father also testified that he has a bachelor's degree in business from Tarkio University. He stated that he is looking for full-time work, but that he has bronchial asthma that will limit the jobs that he can do.

Under these circumstances, we find that Mother failed to produce substantial evidence to support the trial court's imputation of $4,000 monthly income to Father for the purposes of calculating child support under Rule 88.01. We therefore also find that Mother did not meet her burden of proving by detailed evidence changed circumstances sufficient to support a modification of child support. We are unable to determine from the record what constituted such a change from the entry of the judgment confirming and adopting the administrative order. Mother also has not shown that the prior child support order is unreasonable.

While we are mindful of the unsatisfactory record confronting the trial court as it attempted to arrive at a proper child support figure, based upon this record, we conclude that the trial court erred in finding that Mother met her burden of showing changed circumstances so substantial and continuing as to make the terms concerning child support unreasonable and in increasing Father's child support payment obligation. Father's point on appeal is granted.

### Conclusion

■ The Judgment of the trial court is not supported by substantial evidence and is against the weight of the evidence. Because we do not believe the record contains sufficient evidence from which to ascertain the proper income to be imputed to Father, we reverse and remand for further proceedings on that issue. Because the reversal of one portion of the Judgment may require the reversal of another portion of the Judgment, *Adelman v. Adelman*, 878 S.W.2d 871, 875 (Mo.App. E.D. 1994), the trial court may also reconsider which parent shall maintain health insurance coverage on G.B. and make any necessary adjustments to the child support payment obligation based on this determination. The trial court may decide to take additional evidence on these two issues.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.