Sheila Faye GOODWIN, Respondent,

v.

Charles Lewis GOODWIN, Appellant.

No. WD 68228.

Missouri Court of Appeals,
Western District.

Aug. 5, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 30, 2008.

F. Patrick Fryer, Independence, MO, for appellant.

Timothy G. Lutz, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Charles Goodwin ("Husband") appeals from a dissolution decree awarding Sheila Faye Goodwin ("Wife") a judgment against Husband in the amount of $25,760 for equalization of the marital assets after the trial court found that Husband's non-marital real estate had been transmuted. We find that the trial court incorrectly found that the property had been transmuted but that the evidence supports a finding that Wife made a substantial contribution to the property after marriage. We reverse and remand for the trial court to value that marital interest and reconsider its equalizing award.

## Facts and Background

Prior to the marriage, Husband purchased a house on 3.3 acres of land for $23,000 and spent $22,800 improving the property. After Husband and Wife married, Wife spent approximately $39,000 improving the home. At the time of the dissolution, the real property was worth $56,000. The court found that Husband's consent and knowledge of Wife's improvements amounted to a transmutation of his interest in the property into marital property. The court determined each party's interest in the property based on their respective monetary contributions to its purchase and improvement. It then awarded the property to Husband and ordered that he pay Wife $25,760 in equalization.

Husband and Wife married in 2002 and separated in 2006. Several years prior to the marriage, Husband purchased a home on 3.3 acres in New Hampton, Missouri, a community of roughly 250 inhabitants. He paid $23,000 for the home and prior to the marriage he made several other improvements to the surrounding property including the addition of a barn, horse shed, horse walker, and fencing. Except for a brief separation, Husband and Wife resided on the property together for the duration of the marriage. Although the parties discussed the issue, Husband did not add Wife's name to the property's title.

During the marriage, Husband and Wife performed significant work repairing the foundation of the home. Husband paid $10,000 and wife paid $14,450 for this work. Wife made several other significant improvements to the house, including interior remodeling and the addition of a bedroom. Other than the work performed on the foundation of the house, Husband was satisfied with the condition of the house but agreed that Wife could make these improvements, although he did not agree to pay for them. In total, Wife spent $39,000 improving the property while Husband spent $45,800 to purchase and improve the property.

At trial, a certified residential appraiser offered uncontradicted testimony that the

house and surrounding real property was worth $56,000. The house itself was worth only $42,000 to $43,000. The appraiser did not offer any opinion as to the feasibility of subdividing the property.

The trial court dissolved the marriage and ordered that each party retain their respective non-marital property. After indicating that it was unable to value Husband's and Wife's improvements to the real property, it determined that Husband's pre-marital investment in the property had been transmuted into marital property because he consented to Wife's significant improvements in the house. The judgment stated:

> The court does find that, in fact, this real estate has been transmuted from non-marital to marital property due to the substantial remodeling and improvement that was performed on the property utilizing [Wife's] funds with the consent of [Husband], who refused to contribute, other than for the purpose of necessary foundation repair. The Court finds from the evidence an implied agreement that this was to be the marital home of the parties based upon the large investment that [Wife] made with the knowledge and consent to [Husband]. The Court finds that [Wife] logically would not have spent sums close to the value of the house on the real estate titled in [Husband's] name if she did not intend for the house to be shared with [Wife] long term as their marital home. The Court finds that [Husband] in allowing the sums to be spent was making an implied statement that this was to be there [sic] home and not just his. The resulting commingling of both of their non-marital assets transmuted this real estate into marital property.

To determine their respective shares in the value of the real estate, the court added Wife's contributions to the improvement of the home, which amount to $39,000, and Husband's contributions for purchase and improvement, which totaled $45,800.[1] The appraised value of the home was $56,000, and so the court concluded that Wife's interest in the property amounted to $25,760. The court arrived at this result by adding the total amount spent on the property, $84,800, and calculating that Husband's investment of $45,800 was 54% and Wife's was 46%. The Court then indicated that Wife would be entitled to 46% of the appraised value of the home, or $25,760. The court then awarded the real property to Husband and ordered Husband to pay Wife $25,760 to equalize the distribution. Husband now appeals.

### Standard of Review

A decree of dissolution of a trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. A trial court has wide discretion in dividing marital property. An appellate court will only interfere with a trial court's division of marital property if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion.

*Griffin v. Griffin*, 986 S.W.2d 534, 536 (Mo.App. W.D.1999) (citations omitted). "When reviewing marital property valuation and distribution, deference is given to the trial court's determination because that court is in the best position to assess credibility and apply proper values to property." *Rombach v. Rombach*, 867

---

1. Apparently, this figure omits Husband's costs associated with installing fencing on the property. Husband does not appeal that omission.

S.W.2d 500, 505 (Mo. banc 1993). "A trial court possesses broad discretion in identifying marital property." *Absher v. Absher*, 841 S.W.2d 293, 294 (Mo.App. E.D. 1992).

### Analysis

Husband claims that his investment in the house and surrounding land was not transmuted into marital property. We agree. The record reveals that the real property remained Husband's non-marital property.

Section 452.330 governs a trial court's distribution and classification of marital and non-marital assets.[2] That section requires that the trial court set aside to each party their non-marital property and divide the marital property equitably. *Id.* at .1. Generally, property owned by one spouse prior to the marriage will remain non-marital property and will be awarded to the owner of that property. *Id.* at .2. Moreover, "[p]roperty which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property." *Id.* at .4. " '[P]roperty acquired before the marriage and which remains titled in the name of the original owner is separate property unless the record shows that the *owner intended* to change the status of the property from separate to marital.' By contrast, if the owner intended to change the status of the property from separate to marital, it becomes marital." *Glenn v. Glenn*, 930 S.W.2d 519, 523 (Mo.App. W.D.1996) (citation omitted). To transform the nature of the property from separate to marital, "[a] 'clear intention' to contribute to the community or to the other spouse must be demonstrated." *Busby v. Busby*, 669 S.W.2d 597, 600 (Mo.App. W.D.1984). "[C]ourts must set aside a

spouse's separate property in dissolution cases, and property is deemed separate or marital based on the source of funds that financed the purchase." *Beckham v. Beckham*, 41 S.W.3d 908, 912 (Mo.App. W.D. 2001).

Here, the trial court could not have reasonably concluded that Husband intended to transmute the real property to marital property. Husband purchased the property years before the marriage. While the parties discussed placing both of their names on the real property's title, Husband declined to do so. Essentially, the trial court held that because Wife made financial contributions to improve the real property, there was an implied agreement to transmute the property. Wife did not testify that Husband indicated that he intended to make a gift of the property to her. Rather, the record reveals that she improved the property largely to raise her own standard of living and not to increase the value of jointly owned property. This is statutorily insufficient to transmute the property. "Property which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property." § 452.330.4. Other than this commingling, there is no evidence that Husband intended to change the nature of the property. "A commingling of nonmarital and marital property will not transmute nonmarital property into marital property unless the owner intended to convert the nonmarital property to marital property." *Kinsey–Geujen v. Geujen*, 984 S.W.2d 577, 579 (Mo.App. W.D.1999). The court's statement, that the "commingling of both of their non-marital assets transmuted this

---

2. Unless indicated otherwise, all citations to statutes refer to RSMo 2000 and all citation to Rules refers to Missouri Supreme Court Rules (2008).

real estate into marital property" is, therefore, a misapplication of the law.

■■■■ After establishing that the trial court erroneously classified property as marital when in fact it was non-marital, the question becomes what relief, if any, this court ought to grant. "The erroneous characterization of property requires reversal of the order dividing marital property if the error materially impacts the overall distribution of the marital property." *Halupa v. Halupa*, 943 S.W.2d 272, 278 (Mo.App. E.D.1997). Here, by our calculation, the difference in the calculation is roughly five thousand dollars.

The trial court awarded to each party a percentage of the property based on their respective contributions.[3] The trial court was free to conclude that Wife was entitled to a share of the value of the home due to her significant contributions. *Moritz v. Moritz*, 844 S.W.2d 109, 112 (Mo.App. W.D.1992)(holding that one spouse may be entitled to a portion of the equity in home purchased with non-marital funds). Because the property was not transmuted, it was error to not first set aside the value of the initial investment to Husband.[4] Husband spent $22,800 for other improvements to the property and Wife spent $39,000. Therefore, Wife's contributions amounted to 63% of the improved value of the home, and Husband's improvements amounted to 37% of increased value of the home. The court determined that the property was worth $56,000.[5] Twenty-three thousand dollars of the $56,000 represents Husband's initial investment, which means that the improved value of the home was $33,000. Employing the trial court's methodology, Wife would be entitled to 63%, or $20,790, of that improved value.

## Conclusion

We have considered entering a corrected judgment pursuant to Rule 84.04. However, because of the wide discretion available to a trial court in determining the value of a marital contribution to the value of non-marital property, we remand to the circuit court for its determination.

JAMES M. SMART, JR., Presiding Judge, and THOMAS H. NEWTON, Judge, concur.

---

**3.** While we, by no means, endorse the trial court's methodology as appropriate for all circumstances, such an approach where valuation is extraordinarily difficult is acceptable. Also, the issue of its propriety is not challenged by the appellant and is, therefore, unpreserved for our review. See *Willbanks v. Willbanks*, 251 S.W.3d 359 (Mo.App. S.D. 2008).

**4.** We assume that the initial investment of $23,000 to purchase the home was still worth $23,000 when the judgment was entered. This portion remains Husband's separate, non-marital property. Although actually determining what the value of the home would have been without the improvements may be nearly impossible, here there is no evidence in the record that the house would have appreciated or depreciated without the addition of the improvements.

**5.** Husband argues that Wife's improvements only increased the value of the house itself, which was only valued at $43,000. Nevertheless, there was no evidence in the record of the feasibility subdividing the property and selling the land and the house separately. Because we have no evidence that the land itself could actually be sold for $13,000 and the house for $43,000, the trial court did not err in considering the real property and house as one item of indivisible property.