

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| In re the Marriage of Tunde Miller and Laurel Jim Miller | ) ) ) | |
| TUNDE MILLER, | ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD33253 |
| LAUREL JIM MILLER, | ) ) | **Filed: March 20, 2015** |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

## AFFIRMED

Laurel Jim Miller ("Husband") and Tunde Miller ("Wife") were married in December 1995, and granted a dissolution in February 2014.  Husband brings this appeal asserting that a Fidelity IRA was improperly classified as marital property; he claims that he was prejudiced by the misclassification because "it is clear the trial court intended to divide the marital assets of the [parties'] property equally."  We find no error and affirm the judgment.

We affirm the trial court's decree "unless it is not supported by substantial evidence, is against the weight of the evidence, erroneously declares the law, or misapplies the law." ***Glenn***

1

***v. Glenn***, 345 S.W.3d 320, 325 (Mo.App. S.D. 2011). "The party challenging the decree has the burden of demonstrating error." ***Id.*** (internal quotations and citations omitted). "A trial court is free to believe or disbelieve all, part or none of the testimony of any witness." ***Id.*** (internal quotations and citations omitted). Further:

> "A trial court possesses broad discretion in identifying marital property." *Absher v. Absher*, 841 S.W.2d 293, 294 (Mo.App. E.D.1992). Under Missouri law, property acquired by either spouse during the marriage is presumed marital property, but this presumption may be overcome by a showing that the property is non-marital. *See* Sections 452.330.2, 452.330.3. "[T]he burden is on the spouse who claims that the property is separate to overcome the presumption of marital property and show that it falls into one of the exceptions listed" in Section 452.330.2[.] *Kahn v. Kahn*, 839 S.W.2d 327, 332–33 (Mo.App. E.D.1992) (quoting *True v. True*, 762 S.W.2d 489, 492 (Mo.App. W.D.1988)). The complaining party must prove that the property is separate property by clear and convincing evidence. *Comninellis v. Comninellis*, 99 S.W.3d 502, 507 (Mo.App. W.D.2003).

***Thorp v. Thorp***, 390 S.W.3d 871, 876 (Mo.App. E.D. 2013).

The trial court found:

> The respondent also has a Fidelity IRA that is comprised of several IRA's that were accumulated both before and during the marriage. No evidence was presented in the nature of an accounting to provide any methodology by which this court can determine how much, if any, of said Fidelity IRA is husband's non-marital property. The burden being on husband on this issue, the court therefore finds that the entire Fidelity IRA is marital property to be divided in this case.

To support his claim of error, Husband notes that he worked at ITT prior to the marriage and he claims that the Fidelity IRA came from that employment. As evidence to support his claim, Husband points to his exhibits which document two transfers in 2007 into the Fidelity IRA. One of the transfers was from a Waddell & Reed IRA and one was from the Mutual Service Corporation. The problem with Husband's claim is that he does not provide any documentation showing that either the Waddell & Reed IRA or the Mutual Service Corporation came into existence prior to 1995, the date of the marriage. Husband relies upon his trial court

2

testimony that the Fidelity IRA came from his employment at ITT prior to the marriage and states that, because Wife had no contrary knowledge of the couple's finances during the marriage, his testimony must be accepted as uncontradicted. Husband is mistaken.

The Fidelity IRA was created in 2007, during the marriage. Thus, it was incumbent upon Husband, who was contesting that it was marital property, to provide the court with clear and convincing evidence to support that proposition. Wife contested Husband's classification of the Fidelity IRA as non-marital property and claimed it was marital. Once contested, the trial court was "free to disbelieve any, all, or none" of Husband's evidence even if Husband's evidence was "uncontradicted or uncontroverted" and, if the trial court disbelieved Husband's evidence, to find for Wife on this issue even though Wife presented no evidence on the issue. *White v. Director of Revenue*, 321 S.W.3d 298, 305, 308 (Mo. banc 2010); *see also* *Pearson v. Koster*, 367 S.W.3d 36, 52 (Mo. banc 2012) (parties with "no burden of proof in [the] case . . . were not required to present any evidence to prevail"); *Hembree v. Treasurer of Missouri*, 435 S.W.3d 165, 171 (Mo.App. S.D. 2014) ("'[T]he party not having the burden of proof on an issue need not offer any evidence concerning it.'" (*quoting* *White*, 321 S.W.3d at 305)). The trial court found that Husband failed in that burden.

We find no error in the classification of the Fidelity IRA as marital property and, thus, do not address the prejudice allegation. The point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. - Opinion Author

Gary W. Lynch, J. - Concurs

Don E. Burrell, J. - Concurs

3